## Daniel W. Longdon, Plff. in Err., *v.* Daniel Clouse.

Nothing but fraud in the acquisition of the title or the payment of the purchase money when such title is obtained will raise a resulting trust. Neither a promise to pay, nor after-payment, is sufficient for that purpose.

(Decided October 26, 1885.)

Error to the Court of Common Pleas of Greene County to review a judgment for plaintiff in ejectment. Affirmed.

Daniel Clouse purchased of the Washington Savings Bank a tract of land in the possession of Daniel W. Longdon, situated in Richhill township. He brought ejectment, and, a verdict having been returned in his favor, and judgment entered thereon, Longdon brought error.

NOTE.—See note to Ackley v. Ackley, *ante,* 138.

The money with which the purchase is made must be impressed at the time of the purchase with a trust that the purchase should be for the person furnishing the money. Moyer's Appeal (Pa.) 12 Cent. Rep. 519, 14 Atl. 253. It does not arise from an advance of money after the purchase is complete. Walter v. Snowden (Pa.) 6 Cent. Rep. 731, 8 Atl. 406; Hiltner v. Hiltner, 4 Montg. Co. L. Rep. 141.

*J. B. Donley* and *Brock & Teagarden* for plaintiff in error.

*Wyley, Buchanan, & Walton* for defendant in error.

OPINION BY MR. JUSTICE GORDON:

This was an action of ejectment brought by Daniel Clouse, the plaintiff below, against Daniel W. Longdon, the defendant below and plaintiff in error.

By way of defense, Longdon interposed an alleged resulting trust which the learned judge of the common pleas refused to enforce, and, as a consequence, there was a verdict and judgment for the plaintiff.

A history of this case, as found in the statement of the plaintiff in error, will exhibit the main point of the controversy. The title to the land in dispute was formerly vested in Longdon by virtue of a deed to him from John Parkinson, dated August 23, 1870.

Becoming involved, he, Longdon, executed a deed of assignment for the benefit of his creditors, dated October 5, 1877, to Joshua Ackley and J. P. Teagarden, who, under order of the court of common pleas of Greene county, sold this land, on November 26, 1877, to James W. Kuntz, the president of the Washington Savings Bank, for the sum of $2,947.30. To him a deed was executed, in pursuance of the said sale, January 29, 1879. The purchase money was paid by the bank, and for it, throughout the entire transaction, Kuntz acted as agent and trustee. Now, the defendant alleges that Kuntz purchased the land at the assignee's sale at his instance and for his benefit, pursuant to a verbal agreement entered into by them, prior to and at the time of the sale. This agreement was as follows: Kuntz was to buy the land and convey it to Longdon on payment by the latter of his indebtedness, including the amount of this purchase, to the savings bank. In accordance with the agreement here stated, Longdon immediately took possession of the property, and the purchase money thereof was charged to him on the books of the bank. The defendant further alleges that the full amount of his indebtedness to the bank, including this last-stated item, was afterwards fully paid; and, though this was disputed by the plaintiff, we may assume, for the purposes of discussion, that the fact so alleged was proved.

Having thus admitted all that is here alleged on part of the defendant, the question is: Is the trust of such a character as can be enforced under the act of April 22, 1856?

The learned judge of the court below assumed the negative of this question, and instructed the jury to find for the plaintiff. In this we think there was no error. Of course, as a naked trust, resting, as it does, in parol, it cannot be executed.

The effort of counsel has been to impress us with the idea that the facts raise a resulting trust; but the facts warrant no such conclusion. It is only fraud in the acquisition of the title, or the payment of the purchase money when such title is obtained, that will raise a trust of this kind; and neither a promise to pay, nor after-payment, is sufficient. Barnet v. Dougherty, 32 Pa. 371; Kellum v. Smith, 33 Pa. 158.

In the case before us there is no pretense of fraud in the inception of the title. The land was bought at an open official sale, for a fair price and without deception of any kind. The bank paid its own money, not that of Longdon; and the agreement was, not that he should have the property on repayment of what the bank had thus paid, but only upon payment of his whole indebtedness to it, this sum included.

It was further urged that this purchase money was an advancement or loan made to Longdon; but there is no proof of anything of the kind. The purchase money was charged to him on the books of the bank, not as a loan, no note or other security being taken for it, but as any other general indebtedness.

Nor do I see what difference it would make that the parties afterwards treated the transaction as a loan, for it is certain that no such loan was made before the sale. Hence, it could not have been Longdon's money that was paid for the property. It follows that the transaction was, at best, but a naked trust; the bank, through its president, agreeing to buy the property, and to convey it to Longdon when he should pay his indebtedness to it; Longdon, on the other hand, undertaking to pay when he should be able so to do. Had this agreement been in writing, it could have been enforced; but, being oral, it is good for nothing.

The 3d assignment cannot be sustained. The liberty to amend the specifications of defense was a matter that, under the rules of court, addressed itself to the discretionary power of

the court, and we think that power was well exercised in refusing the amendment.

The 4th assignment has, if possible, less of merit than the 3d. The parties sought to be introduced were strangers to the title in suit, and had no interest whatever in the result; hence, their application was well refused.

Judgment affirmed.