# Frank *v.* Neill, Appellant.

*Ground rents—Failure to pay taxes—Suit for taxes—Set-off.*

1. Where the plaintiff in an action on a ground rent obtains a judgment, and on execution the property is sold for less than the amount of the judgment, but for more than sufficient to pay the arrearages of taxes, and such taxes are paid in cash by the plaintiff to the sheriff before he can secure his deed, the plaintiff is entitled to recover the amount so paid from the real owner of the land against whom he had recovered the judgment in the action on the ground rent.

2. In such a case a claim of set-off arising out of an alleged distress for arrears of rent, set up in an affidavit of defense, cannot be considered where there is nothing to show the amount realized by the distress, and it is not averred that it was not within the power of the defendant to make the affidavit certain in this particular.

Argued Oct. 11, 1910. Appeal, No. 276, Oct. T., 1909, by defendant, from order of C. P. No. 2, Phila Co., Dec. T., 1908, No. 414, making absolute rule for judgment for want of a sufficient affidavit of defense, in case of Philip Frank v. Matilda Neill. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit to recover taxes paid by plaintiff.
The opinion of the Superior Court states the case.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*M. J. O'Callaghan*, for appellant.

*Stanley Folz*, with him *Leon H. Folz*, for appellee.

PER CURIAM, November 21, 1910:

The plaintiff, being the owner of certain ground rents, brought suits and obtained judgments against the original covenantor and the defendant, the real owner of the land, for arrearages and for the principal thereof under a clause of the ground rent deeds, wherein the grantee of the land covenanted for himself, his heirs and assigns, to pay the principal sum in redemption of the ground rent at the expiration of five years, and in default of said payment that the said sum should be forthwith recoverable with all the arrears of rent, "and be first payable out of the proceeds of the sale of said premises under any judgment for the said principal sum." By virtue of executions issued on these judgments, the several premises were sold at sheriff's sale and bought by the plaintiff for a sum, in each instance, which was much less than the amount of the judgment relating to the particular property. At the time of the sheriff's sale the arrears of taxes assessed upon the premises against the defendant, and for which she was personally liable, amounted to $528.95. In consequence of the defendant's failure to pay the taxes that it was her duty to pay, the plaintiff was compelled, in order to obtain his deeds, to pay this sum to the sheriff, and the sheriff paid the same to the proper authorities, thereby discharging the city's claim for the taxes. As was the case in Commonwealth National Bank v. Shoemaker, 13 W. N. C. 255; Republic Building & Loan Assn. v. Webb, 12 Pa. Superior Ct. 545; Theobald v. Sylvester, 27 Pa. Superior Ct. 362, the plaintiff did not pay the taxes in addition to the amount of his bid, and in that respect the case is distinguishable from those in which the amount realized at sheriff's sale was insufficient to pay the taxes, and the purchaser afterwards paid them to protect his property. But as is shown by the cases cited, this dis-

tinction does not affect the right of the plaintiff to maintain an action of assumpsit against the defendant to recover the amount thus paid by him; for the fact remains that the amount distributable to the plaintiff's judgment was reduced to the extent of the unpaid taxes, and, therefore, in complying with his bid as a lien creditor purchaser, he was compelled to pay that part of his bid in cash, which he would not have been compelled to do if the defendant had discharged the duty that rested upon her. True, these were mortgage cases, but the principle upon which they and the case of Hogg v. Longstreth, 97 Pa. 255, were decided, has been recognized in later cases where the purchaser was the ground rent owner: Frank v. McCrossin, 33 Pa. Superior Ct. 93; Presbyterian Ministers' Fund v. Folz, 41 Pa. Superior Ct. 303, and we see no good reason why it should not be applied here. The taxes were paid, and the claim of the city was extinguished, but the circumstances under which they were paid gave the plaintiff a right to reimbursement from the defendant, which, under the authorities above cited, can be enforced in an action of assumpsit.

The claim of set-off, alleged to arise out of the plaintiff's distress for arrears of rent levied about August 1, 1908, upon the goods of tenants of the premises, is wholly uncertain as to the amount realized thereby and in other particulars. It is not averred that it was not within the power of the defendant to make the affidavit certain in these matters. For these reasons, if for no other, it was insufficient to prevent judgment.

The judgment is affirmed.