## Harrison *v.* Ward, Appellant.

*Contract—Debtor and creditor—Payment—Trust and trustees—Fraud.*

Where an owner of real estate transfers to his creditor the title thereof upon the consideration that the property is to be sold and the proceeds applied first to the indebtedness of the grantor and the remainder to be paid by the grantee to the grantor, a right of action exists to enforce the agreement after a sale, if the purchase money of the property exceeds the debt to the creditor. Such a transaction contains no element of a trust or a mortgage, and it cannot be defeated by a sheriff's sale on a judgment held by the creditor after he had acquired the title by the deed from the debtor.

Submitted March 6, 1911. Appeal, No. 19, March T., 1911, by defendant, from judgment of C. P. Luzerne Co., March T., 1907, No. 119, on verdict for plaintiff in case of Patrick Harrison v. John M. Ward. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Assumpsit for money had and received. Before GARMAN, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $809.67. Defendant appealed.

*Error assigned* was refusal of motion for judgment for defendant n. o. v.

*William S. McLean*, with him *William S. McLean, Jr.*, for appellant, cited: Moran v. Munhall, 204 Pa. 242.

*Q. A. Gates*, for appellee, cited: Moran v. Munhall, 204 Pa. 242; Hoffa v. Hoffa, 38 Pa. Superior Ct. 356.

OPINION BY HENDERSON, J., April 17, 1911:

The jury found the facts in the plaintiff's favor and the question is whether they constitute a cause of action. It is a well-established principle that if the plaintiff transferred to the defendant a house and lot upon the consideration that the property was to be sold and the proceeds applied first to the indebtedness of the plaintiff to the defendant and the remainder to be paid by the defendant to the plaintiff a right of action exists to enforce the agreement after a sale if the purchase money of the property exceeds the debt due to the creditor. Moran v. Munhall, 204 Pa. 242, is a recent authority in point. The plaintiff, an illiterate man, was the owner of a house and lot. He was indebted to the defendant. He offered evidence to show that the defendant induced him to transfer to him his title to the house and lot which he then occupied on the agreement that the property was to be sold through the joint efforts of the parties and when so sold the purchase money was to be used to discharge the plaintiff's indebtedness to the defendant and the remainder of the purchase money was to be paid to the plaintiff. There was a dispute in regard to the amount of the indebtedness, but it was conceded that the property was subsequently sold by the defendant for $4,500 and this amount was found by the jury to be in excess of the defendant's claim against the plaintiff. The instrument by which the plaintiff conveyed his title to the defendant was not offered in evidence and could not be found. There was testimony, however, on which the trial judge was war-

ranted in submitting to the jury the inquiry whether such a document had been executed. The plaintiff's evidence is corroborated in some degree by the testimony of the attorney who prepared the paper and the magistrate before whom it was acknowledged. There was also evidence that the plaintiff remained in possession of the premises and collected the rents, superintended repairs and exercised such control as was consistent with the agreement set up by him. If the transaction was of this character the parol promise of the defendant to account for the money in accordance with the contract did not create a trust. It was a promise to pay money, the amount to be determined by subtracting the defendant's indebtedness from the purchase money and was enforceable like other parol agreements for the payment of money. The real estate was not to be held for the plaintiff, nor was there any provision that it should by any defeasance revert to him. The elements of a trust or a mortgage the defeasance of which was in parol are therefore out of the case. The appellant denied that he had received the conveyance of the property from the plaintiff and contended that even if it were so the arrangement was annulled and defeated by a subsequent sheriff's sale of the property on a judgment which he held against the appellee. This sale took place several months after the alleged conveyance and the plaintiff says that it was had at the instance of the defendant and not at the plaintiff's request and for the purpose of avoiding a supposed difficulty connected with the title which the plaintiff conveyed to the defendant and the plaintiff's evidence is to the effect that the conversation between him and the defendant about a sheriff's sale of the property was had before the arrangement was made at Mr. Lenahan's office. If the defendant got the plaintiff's property in the manner alleged by the latter who thereby became wholly divested of the title the defendant could not in violation of that agreement afterwards sell the property at sheriff's sale and avoid the liability of his contract. From the plaintiff's standpoint

the sheriff's sale was at the defendant's suggestion and in furtherance of the plan originally agreed on. The argument that the transaction was an attempt on the part of the plaintiff to dispose of his property in fraud of creditors has no foundation to support it, for the defendant denies any agreement of any kind between him and the plaintiff with reference to the sale of the property and the plaintiff repels the intimation that he was trying to put his property out of the reach of creditors.

Assuming the facts to be as the verdict of the jury implies, the case presented is very different from that of a mere verbal agreement to purchase at a sheriff's sale for the benefit of the defendant in the execution. Barnet v. Dougherty, 32 Pa. 371, and the line of cases following down to Lancaster Trust Co. v. Long, 220 Pa. 499, relate to parol agreements by one to purchase land for another at a sheriff's sale followed by a breach of contract. In the most of these cases efforts were made to establish resulting trusts because of the breach of the agreement to hold or convey for the benefit of the defendant in the execution, but the case of the appellee is quite different. There is no attempt to create a trust. The learned trial judge submitted the case to the jury in a clear and comprehensive charge in which the position of the defendant was fully and intelligibly set forth. The verdict was satisfactory to the court below and we do not find any substantial reason for sustaining the assignments of error.

The judgment is affirmed.