# Storey *v.* Lonabaugh, Appellant.

*Real property—Title to land—Purchaser at sheriff sales—Resulting trust—Insufficient averments—Writ of possession—Act of April 20, 1905, P. L. 239.*

The grantee of the purchaser of land sold under a mortgage in foreclosure proceedings will be entitled to possession as against the mortgagor where it appears that the purchaser, who was a guardian of minors, took the mortgage as security for a debt owing to his ward's estate, and where although the mortgagor attempts to establish that such guardian took title to the land under an arrangement that upon payment of the mortgage debt the land should be reconveyed to the mortgagor, he does not aver that the land was purchased at the sheriff's sale with his money or that the guardian had obtained authority from the Orphans' Court to make the agreement relied on, particularly where the agreement was not made with the guardian personally but with an attorney not

averred to have been expressly authorized to enter into such an agreement, and where such facts appeared in a petition and answer filed under the Act of April 20, 1905, P. L. 239, the court did not err in refusing a jury trial.

Argued Oct. 13, 1914. Appeal, No. 64, Oct. T., 1914, by respondent, from judgment of C. P. Allegheny Co., Jan. T., 1914, No. 1656, awarding writ of possession in case of Alexander Story v. George Fair Lonerbaugh or Lonabaugh. Before FELL, C. J., BROWN, MESTREZAT, POTTER and MOSCHZISKER, JJ. Affirmed.

Proceeding by the grantee of a purchaser at a sheriff's sale to obtain possession of real estate. Before CARNAHAN, J.

The opinion of the Supreme Court states the facts.

The court awarded a writ of possession. Respondent appealed.

*Error assigned* was the judgment of the court.

*R. E. Anderson,* with him *M. L. Thompson and John A. Blair,* for appellant.

*Stephen Stone,* of *Stone & Stone,* with him *Edward T. Noble,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, January 2, 1915:

This was a proceeding under the Act of April 20, 1905, P. L. 239, by the grantee of a purchaser at sheriff's sale, to obtain possession of real estate. The court below entered judgment for the petitioner, and the respondent has appealed.

The petitioner averred that he obtained title to the property by virtue of a deed from J. Frank Miller, guardian of the estates of two minors; that Miller, as guardian, loaned one thousand dollars to the respondent upon his bond and mortgage; that owing to the default of the

respondent judgment was entered upon the bond, and the mortgaged premises were taken in execution; that the property was sold by the sheriff and purchased by Miller, as guardian, "for the sum of $326.66"; that the purchase-money "according to the return made by said sheriff, was distributed to payment of costs and taxes"; that the sheriff's sale was held on April 1, 1912, and the deed to the purchaser was dated May 18, 1912; that the property was bought subject to a $10,000 mortgage; that the persons in possession were the respondent and certain others, claiming as tenants under him, the latter of whom had recognized the title of the petitioner; that the respondent was in possession prior to the time of the judicial sale, and, although he had notice of the title of the petitioner, had refused to deliver up the property to him. The answer admitted all the material facts averred in the petition, but denied their legal effect. The respondent averred that one Hindman, "while acting as attorney for both said guardian and the respondent......induced respondent to permit an amicable sale of said premises to be had by virtue of a sheriff's sale thereof......upon the understanding and agreement ......that the legal title to said property should be taken in the name of said guardian and held by him for respondent, subject only to the claim of said guardian for the said sum of $1,000 and accrued interest and expenses of said transaction, and in furtherance of said agreement, on or about the 15th day of May, 1912, respondent paid to said guardian the sum of $218.46 ......for the purpose of helping to defray the costs, expenses, etc., of said sale or other charges against said property, said payment being made about a month and a half after the said sheriff's sale took place," but before the acknowledgment of the sheriff's deed; and that about October 6, 1913, before the delivery of the deed from the purchaser to the petitioner, the respondent through another attorney "gave verbal notice to the said plaintiff of respondent's claim of title." Upon these

facts, the respondent averred the legal conclusion that he was the equitable owner of the property, and asserted that he, "as such owner, was in possession thereof and claiming title thereto"; and he prayed the court to grant him "a jury trial of the issues of fact raised by the pleadings."

The court below set the case for hearing on the whole record, as empowered to do by the Act of 1905, supra, [Lancaster Trust Co. v. Long, 220 Pa. 499, 501], and decided that there were "no controlling or disputed questions of fact" for the jury to determine, for the reason that, when the facts averred in the petition and admitted in the answer, with the additional ones particularly set up in the latter pleading, were accepted as true, and as constituting the facts in the case, it plainly appeared that the petitioner was the owner of the real estate and that he had a present right to possession thereto. Hence, trial by jury was refused, judgment was entered against the respondent, and a writ of possession was granted to the petitioner.

The determination reached by the court below was clearly right, and we find no reversible error upon the record. As stated in the opinion filed by Judge COHEN, "He (the respondent), sets forth no agreement on his part to repurchase the property, nor any agreement on the part of the guardian to reconvey, nor does he assert any consideration to sustain such an agreement, even though it had been made; his rights against the plaintiff (petitioner) rise no higher than they would against the guardian—the vendor of plaintiff—and as against him it is claimed by defendant (respondent) that he, the guardian, was trustee for the defendant by parol. To enforce such an alleged agreement would be in conflict with the Act of April 22, 1856, P. L. 532, providing 'that all declarations of trust shall be in writing, signed by the party holding title, or else be void.' Resulting trusts, as implied by law, are excepted from the operation of this act; but defendant does not allege

payment of the whole or any part of the purchase-money,
......There is no allegation of fraud in the purchase
at sheriff's sale or in the proceedings incident thereto,
whereby the guardian......or......his grantee should
be declared a trustee ex maleficio......A careful con-
sideration of all the facts set forth in the defendant's
answer simply indicates a failure on the part of the
sheriff's vendee to fulfil a parol contract....... and the
allegation is that it was a parol agreement made by the
attorney of the purchaser at sheriff's sale, without aver-
ment of authority."

In addition to what has been so well and correctly
stated by the learned court below, we may add that,
since the respondent was the defendant in the execution
under which the real estate was sold, in order to es-
tablish a valid parol trust, the burden was upon him
to show that the purchase-price was paid, in whole or in
part, by his money [Barnet v. Dougherty, 32 Pa. 371;
Wolford v. Herrington, 86 Pa. 39, 44; Lancaster Trust
Co. v. Long, 220 Pa. 499, 502]; and it is to be noticed
that the respondent does not say that he paid any part
of the judgment debt for which the property was sold,
nor does he specifically aver that he paid any part of the
purchase-money.  The most that he avers is that he
paid $218.46 to help "defray the costs, expenses, etc., of
said sale or other charges against said property," and
in view of the undenied averment of the petition that the
amount paid to the sheriff by the purchaser "was dis-
tributed to payment of costs and taxes," we may assume
that, by "the other charges against said property," the
respondent meant to cover arrears of taxes; there-
fore, the averment simply amounts to an allegation that
the respondent paid the purchaser at the sheriff's sale,
who was the plaintiff in the execution, certain costs, for
which he, the respondent, was liable as the defendant
in the execution, and that, in addition, he paid certain
taxes, for which he, as the owner of the property taken
in execution, had a personal responsibility [Hogg v.

Longstreth, 97 Pa. 255; King v. Mt. Vernon Building Association, 106 Pa. 165; Commonwealth National Bk. v. Shoemaker, 13 W. N. C. 255; Frank v. Neill, 44 Pa. Superior Ct. 468]. Finally, it is plain that Miller, as a guardian for minors, had no authority to enter into any agreement such as the one attempted to be set up by the respondent. He was acting in a fiduciary capacity, and there is no allegation that he asked or received authority from the Orphans' Court to agree to exchange his position from the owner of a duly executed and recorded bond and mortgage to that of a trustee, upon a parol trust, first for his wards to the extent of their interest in the property covered by the mortgage, and then for the mortgagor to the extent of his interest. An agreement of that character, without the express authority of the Orphans' Court, would be a nullity, if entered into by one acting as a guardian for minors, and the alleged trust in this case is not attempted to be placed upon Miller as an individual, but in his fiduciary capacity.

As supplemental to the cases already mentioned, the following authorities are cited: on the absence of power in an attorney-at-law, not expressly authorized, to enter into agreements regarding his client's property, 4 Cyc. 943, Naglee v. Ingersoll, 7 Pa. 185, 196, and Jamestown & Franklin R. R. Co. v. Egbert, 152 Pa. 53; on the non-effectiveness of notice to one about to become a purchaser from a sheriff's vendee, concerning an alleged outstanding title to real estate acquired under a parol agreement, Kellum v. Smith, 33 Pa. 158; on the application of the statute of frauds, Bryan v. Douds, 213 Pa. 221; Lancaster Trust Co. v. Long, 220 Pa. 499, and Kellum v. Smith, supra.

The assignment of error is overruled and the judgment is affirmed; appellant to pay the costs.