## Parcham et ux. v. Schmelzer et .

*Louis Sherr*, for plaintiffs; *James R. Wilson*, for defdants.

SMITH, P. J., May 4, 1934.—This matter comes be'e us on preliminary objections to an amended bill of complaint.

The amended bill avers that on November 16, 1920, tl etitioners (and Anna Knorpp, now deceased) purchased from George Schlzer and Sophia, his wife, a property situate at 2323 South Sixty-third Str. in the City of Phila-

delphia, for $4,200, upon which amount they paid $3,200 in cash and the balance of $1,000 by a purchase-money mortgage dated November 16, 1920, and properly recorded; that the said deed of conveyance was also recorded and contains the following provision: "Unto the said grantees and the survivor of them and the heirs and assigns of such survivor"; that Anna Knorpp died January 13, 1932, leaving her surviving the plaintiffs; that in December 1930 David Watson, defendant, acting as agent for the Schmelzers, proposed that the petitioners borrow $2,000 from the Schmelzers to repay the mortgage of $1,000, delinquent taxes, water rent, and interest accrued on said premises, and costs and bonus charges for placing the new mortgage of $2,000 on said premises, and petitioners agreed to such proposal; that during April 1921, to consummate the foregoing agreement, the said Watson, acting as agent for the Schmelzers, suggested that the Schmelzers should foreclose premises 2323 South Sixty-third Street for the purpose of clearing the title, that petitioners should refrain from bidding, and that after the sale the bid would be assigned to petitioners and a new mortgage of $2,000 placed by the Schmelzers in favor of the petitioner for 3 years, secured on the aforesaid premises, and that the $2,000 would be applied to the repayment of the mortgage loan of $1,000, payment of delinquent taxes and interest, and bonus charges and costs; that petitioners were persuaded to agree to Watson's proposal, as agent for the Schmelzers, placing reliance in his honesty and believing his representations were made in good faith; that the representations of Watson, as agent, were misrepresentations made for the purpose of defrauding petitioners of their property and in fact, as a result of agreeing to the said proposal, petitioners were fraudulently deprived of their interest, equity, and title in 2323 South Sixty-third Street, were defrauded of other sums of money, and otherwise injured; that pursuant to the suggestion of Watson, as agent for the Schmelzers, the Schmelzers entered judgment against the petitioners and on February 25, 1931, assessed damages in the sum of $1,066.50 as of this court, term, and number; that foreclosure proceedings were instituted and the said premises sold by the sheriff on May 4, 1931, and purchased by the attorney on the writ for $50, petitioners refraining from attending the sale and bidding on the premises pursuant to the aforesaid agreement; that on May 11, 1931, the Schmelzers took title to the said premises from the sheriff and still are the present owners of record of the said premises; that at the time of the sheriff's sale the said premises had a market value of $3,500 and that the present value thereof is $3,000; that after the sheriff's sale petitioners requested defendants by correspondence to carry out the terms of the said agreement, but defendants refused and still refuse to carry out said terms, whereupon, on March 1, 1933, plaintiffs filed a rule to open the judgment to which the Schmelzers made answer; that thereafter the said rule is withdrawn and the facts thereof included in the original bill of complaint filed; that at all the times mentioned the said Watson was acting as agent for the said Schmelzers and all his representations and agreements were made with the knowledge, authority, and/or ratification of the said Schmelzers; that defendants never intended to carry out said agreement but made the misrepresentations for the purpose of obtaining title to the said premises for their own benefit and use, thereby committing a breach of trust; that petitioners have no sufficient, adequate, and complete remedy at law and pray for relief as follows:

(a) That the court grant an injunction, preliminarily until hearing and permanently thereafter, restraining the said Schmelzers from mortgaging, encumbering, and/conveying any interest in the said premises to any person other than plaintiff

(*b*) That the court decree that defendants acted as agents and trustees for plaintiffs and improperly purchased the said premises and are holding the same in trust for plaintiffs;

(*c*) That the court order the defendants to convey the said premises to petitioners in fee simple, subject to a $2,000 mortgage for 3 years;

(*d*) That the court order the defendants to file a true and correct accounting to plaintiffs of any and all monies which they received on account of such transaction;

(*e*) Such other relief, etc.

The answer, containing preliminary objections to the bill as amended, states that the amended bill on its face shows that plaintiffs have been guilty of laches in the institution of said suit, in that the alleged acts complained of took place in April 1931, more than 2 years prior to the filing of the said bill in equity; that the said amended bill sets forth an action upon an oral agreement to convey real estate and is invalid under the statute of frauds; and that the amended bill is grossly insufficient; and prays that the bill be dismissed.

The facts set forth in the bill of complaint would not justify a finding that the defendants were holding the said premises as trustees for the plaintiffs. That being so, it would not be proper to grant a decree to reconvey said premises to plaintiffs.

The facts set forth in the bill of complaint aver that, prior to a sale by the sheriff, there was a verbal agreement between Watson, the agent for the other defendants, the Schmelzers, and plaintiffs that, after the sheriff's sale upon foreclosure of a mortgage held by the Schmelzers, the Schmelzers would purchase the property and assign the bid to the plaintiffs, whereupon the plaintiffs were to execute a new mortgage in the sum of $2,000 to the Schmelzers.

In Lancaster Trust Co. v. Long, 220 Pa. 499, it is held (syllabus) :

"A parol agreement by one to purchase land for another at a sheriff's sale followed by a breach of the contract to convey on the part of the purchaser, gives rise to no resulting trust, unless the promisee furnished the purchase money in whole or in part, or had at the time of the contract an actual estate or interest in the land or a bona fide claim thereto."

In Barnet v. Dougherty, 32 Pa. 371, it is held (syllabus) :

"A promise to purchase at a sheriff's sale, for the benefit of the defendant in the execution, will not constitute the purchaser a trustee for him, unless the purchase were made with the money of the defendant."

In Phillips v. Hull, 101 Pa. 567, 571, Mr. Justice Mercur held:

"The latter seeks to recover on a parol agreement made with the plaintiff in error by which he was to sell the land at sheriff's sale, buy it, and hold it until a private sale thereof could be made, and after the amount due to him was paid, the defendant in error was to have the residue. The latter was to advance nothing, to pay nothing. Without his assent the plaintiff could have sold. The defendant made no agreement that he would afterwards purchase the land at any price. If this were the whole case it is very clear the defendant in error could not recover. As the purchase was made, and the money paid by the same person, a refusal to fulfill the agreement is no more than the violation of a parol agreement, and equity will not decree the purchaser to be a trustee: Kisler v. Kisler, 2 Watts 323; Sidle v. Walters, 5 Id. 391; Robertson v. Robertson, 9 Id. 32; Fox v. Heffner, 1 W. & Serg. 372; Jackman v. Ringland, 4 Id. 149; Barnet v. Dougherty, 8 Casey 371; Kellum v. Smith, 9 Id. 158; Bennett v. Dollar Savings Bank, 6 Norris 382.

"It is claimed, however, by the defendant in error, that the plaintiff was guilty of a trick or artifice whereby the effect of the sheriff's sale was avoided.

It may be conceded that a trick or artifice unknown to the defendant in error which operated to his prejudice would have that effect. If however he had full knowledge of the alleged fraudulent act and participated in it, or if the act now complained of did not operate to enlarge or affect the title which would otherwise have passed by the sheriff's sale, then the equitable rule does not aid the defendant in this case."

This is a mere parol agreement to assign a bid of the purchaser of real estate at a sheriff's sale. The violation of such an agreement would not make the defendants trustees for the plaintiffs: Kellum et al. v. Smith, 33 Pa. 158.

### Decree

And now, to wit, May 4, 1934, the preliminary objections to the plaintiffs' bill of complaint are sustained, and the bill is dismissed at the costs of the plaintiffs.