Irwin Savings & Trust Company *v.* Sanner,
Appellant.

Argued April 21, 1936.

Before Cunning-
ham, Baldrige, Stadtfeld, Parker, James and
Rhodes, JJ.

*Fred. B. Trescher,* of *Kunkle, Walthour & Trescher,*
for appellant.

*Carroll Caruthers,* for appellee.

OPINION BY RHODES, J., July 10, 1936:

This is a proceeding under the Act of April 20, 1905, P. L. 239 (12 PS §2571 et seq.), by a purchaser at sheriff's sale to obtain possession of a property of which respondent's husband died seized on September 18, 1931.

The petitioner filed its petition on May 11, 1935, setting forth that it acquired the property at sheriff's sale on May 4, 1934; that the sale was had on a writ of fieri facias issued on a judgment of the petitioner against the respondent and others; that the persons in possession were the respondent and H. E. Sanner, as whose property such real estate was sold; that they had notice of the title of the petitioner, but declined to deliver possession of the property to it, although requested so to do.

An answer was filed by the respondent. She admitted that the petitioner purchased the property at sheriff's sale, but averred that the petitioner holds the property in trust for the respondent, for the undertaker, and for the petitioner itself.

The respondent, in her answer, bases her right to retain possession on a verbal agreement alleged to have been made with the attorney for the petitioner. The answer avers that it was the intention of the respondent to bid an amount sufficient to pay the taxes and funeral expenses and to protect her widow's exemption which she claimed in cash out of the real estate of the decedent when sold; that the attorney for the petitioner was threatening to attach the widow's exemption of the respondent by virtue of its judgment; that the respondent and the undertaker consented, upon the request of the petitioner through its attorney, to permit the real estate to be sold at sheriff's sale; that other judgment creditors were not interested in protecting their interests; that the property was to be purchased and was purchased by the petitioner for the sum of $1 over and above taxes; that the property was purchased by the

petitioner with the understanding that the respondent would apply to the Home Owners' Loan Corporation for a loan in an amount sufficient to pay the taxes, funeral expenses, court costs, and petitioner's judgment; that the property was to be reconveyed by the petitioner to the respondent as soon as the said loan was approved and granted; that the respondent made application to the Home Owners' Loan Corporation; that respondent's application was rejected because the funds of the corporation were exhausted; that funds have again become available; and that respondent's application has been reopened and is now pending. The respondent also averred the conclusion that the petitioner "is not entitled to possession of said premises and merely holds title thereto in trust under the terms and provisions of the foregoing verbal agreement."

The case was argued in the court below on petition and answer. Judgment was entered for the petitioner, and a writ of possession granted.

Does respondent's answer to the petition and citation issued thereon present a sufficient defense for her to retain possession of the property in question?

The respondent takes the position that a resulting trust was created, and that she, in effect, paid a part of the purchase price for the property when she surrendered her right to bid to protect her widow's exemption. It does not appear from the answer that the respondent made any definite agreement that she would not bid at the sheriff's sale, or that she was in any position to bid; nor do we think that there is anything said in respondent's answer from which it might be concluded that she paid, directly or indirectly, any part of the purchase price of the property, or that she had been deterred from bidding by the action of the petitioner. The respondent was one of the defendants in the execution under which the real estate was sold. In order to establish a valid parol trust, it was necessary for her

to show that the purchase price was paid, in whole or in part, by her. *Storey v. Lonabaugh,* 247 Pa. 331, 335, 93 A. 481, 482. "A resulting trust is raised only from fraud in obtaining the title, or from payment of the purchase-money when the title is acquired: *Barnet v. Dougherty,* supra [32 Pa. 371] ; *Salter v. Bird,* 103 Pa. 436; *Musselman v. Myers,* 240 Pa. 5 [87 A. 425]": *Watkins and Miller v. Watkins et ux.,* 101 Pa. Superior Ct. 426, at page 428. The respondent, in her answer, does not allege that she actually paid any part of the purchase price, or any part of the judgment debt for which the property was sold; but she avers that there was a verbal agreement with the attorney for the petitioner to permit the real estate to be sold at sheriff's sale and to be purchased by the petitioner, with the understanding that the respondent would make an application for a loan in an amount sufficient to pay the taxes, funeral expenses, costs, and petitioner's judgment; whereupon, after petitioner and undertaker were repaid, the property was to be conveyed to the respondent.

Respondent's answer contains no allegation of fraud in obtaining the title; and it does not therein appear that the petitioner procured the property at a sum below its real value by deception to covinously profit, as in the case of *Hartzell v. Whitmore et al.,* 271 Pa. 575, 115 A. 840. Her answer does not give the value of the property, or the total amount of the obligations which were to be repaid, or her proportionate interest. At most, the answer alleges an oral agreement to reconvey on the part of the petitioner upon the obtaining by the respondent of a loan sufficient to pay the obligations which she enumerates. It does not appear that she could obtain a loan for the amount required to pay the taxes, costs, and petitioner's judgment, or that she could ever comply with her part of the alleged parol agreement. In the case of *Kellum et al. v. Smith,* 33 Pa. 158, at page 164, it was held: "When the purchaser

at a sheriff's sale promises to hold for the debtor, and afterwards refuses to comply with his engagement, the fraud, if any, is not at the sale, not in the promise, but in its subsequent breach. That is too late. It is abundantly settled, that equity will not decree such a purchaser to be a trustee, unless there is something more in the transaction than the mere violation of a parol agreement." To the same effect, see *Barnet v. Dougherty,* 32 Pa. 371; *McCloskey et al. v. McCloskey et al.,* 205 Pa. 491, 55 A. 180; *Bryan et al. v. Douds et al.,* 213 Pa. 221, 62 A. 828; *Lancaster Trust Co. v. Long et al.,* 220 Pa. 499, 69 A. 993.

Moreover, there is no allegation in the answer that the attorney for the petitioner, with whom the oral agreement was said to have been made, had any authority or power to make such an agreement for and on behalf of his client. Such an agreement made with an attorney, not expressly authorized, would not in any event bind the client's property. *Storey v. Lonabaugh,* 247 Pa. 331, 336, 93 A. 481, 483.

Respondent's answer is insufficient to sustain her alleged right to retain possession of the property.

Judgment is affirmed; appellant to pay the costs.