# Wm. Penn Lloyd, Assignee of Lafayette Woods, *v.* Elizabeth Woods, Appellant.

[Marked to be reported.

*Trust and trustees—Resulting trusts—Parol evidence—Husband and wife.*

The ownership of the money which purchases real estate draws to itself the beneficial or equitable interest in the estate; and such equitable title, though resting generally in parol proof, is expressly exempted from the statute of frauds and perjuries.

If a husband having the money or property of his wife in his possession, invests it in real estate, and without her consent thereto takes the title to himself, she has a resulting trust in the land which she can assert at any time she sees proper to enforce it, to the extent the property was paid for with her money.

When land is bought by a husband at his wife's instance and with her knowledge and approval, and paid for with her money or property, it is the duty of the husband, without the wife's request, to have the conveyance made to her. Taking the title in his own name is a violation of duty and a resulting trust in such case will arise in her favor.

Argued April 28, 1896. Appeal, No. 179, July T., 1896, by defendant, from judgment of C. P. Cumberland Co., May T., 1895, No. 234, on verdict for plaintiff. Before GREEN, WILLIAMS, McCULLUM, DEAN and FELL, JJ. Reversed.

Ejectment for a lot on East Main street in the borough of Mechanicsburg. Before BIDDLE, J.

At the trial it appeared that the plaintiff claimed title under a deed of assignment for the benefit of creditors executed by Lafayette Woods. Defendant is the wife of Lafayette Woods, and she claimed that $1,500 of the purchase money of the property was her money, and to that extent there was a resulting trust in her favor in the lot which stood in her husband's name. The entire purchase money was $2,000.

The court charged as follows:

This is an action of ejectment brought by W. Penn Lloyd, assignee for the benefit of creditors of Lafayette Woods, now deceased, against Elizabeth Woods, widow of said decedent, for a house and lot in the borough of Mechanicsburg. The legal title to the property is now in the plaintiff by virtue of a deed from Henry Wolf and wife to Lafayette Woods, dated April 7, 1876, and a deed of assignment by Lafayette Woods and wife to the plaintiff, dated August 1, 1894. The consideration paid for the property by Mr. Woods, as mentioned in the deed, was $2,000. [The defendant has undertaken to show, and probably has shown to your satisfaction, that $1,500 of said purchase money was furnished by her, and she contends that by reason thereof a resulting trust arose in her favor for an undivided three fourths interest in the premises described in the deed. This position we cannot sustain, for she has not shown that there was any fraud practiced by her husband in getting her money and using it to help pay for the property, or that there was accident, mistake, concealment or breach of good faith on the part of her husband or of any one else in putting the title in her husband's name. The evidence in the case, there-

fore, would not justify a verdict in her favor for the premises in dispute or for any interest therein, and we direct you to render a verdict in favor of the plaintiff.] [11]

Verdict and judgment for plaintiff. Defendant appealed.

*Error assigned*, among others, was above instruction, quoting it.

*H. H. Mercer* and *W. F. Sadler*, for appellant.—The proof that Woods used $1,500 of the money of his wife, the defendant, to pay for the house and lot in dispute was " clear, explicit and unequivocal." It fully came up to that held requisite to establish a resulting trust in McGinity v. McGinity, 63 Pa. 38 ; Earnest's App., 106 Pa. 316 ; Brickell v. Earley, 115 Pa. 473 ; Hayes's App., 123 Pa. 110 ; Henderson v. McClay, 5 Cent. Rep. 225 ; Light v. Zeller, 144 Pa. 570.

It was paid at the time of the purchase and conveyance : Nixon's App., 63 Pa. 279. Proof of payment of the money is prima facie evidence of the trust: Edwards v. Edwards, 39 Pa. 369. That Woods paid a portion of the purchase money was no bar to the claim of the defendant.

The declarations of Woods before the purchase that he wanted the property for his wife, and after the purchase that he had bought it for her, were competent evidence and it should have been left to the jury to find whether in connection with the other evidence in this case the resulting trust contended for by the defendant was not established : Wallace v. Duffield, 2 S. & R. 521; Rossiter's App., 2 Pa. 371; Nichols v. Nichols, 149 Pa. 172.

*J. W. Wetzel*, *Wm. Penn Lloyd* with him, for appellee.—If the evidence was insufficient it was the duty of the court below to withhold it from the jury : Reno v. Moss, 120 Pa. 67 ; Wylie v. Mansley, 132 Pa. 65 ; Gilchrist v. Brown, 165 Pa. 275.

The case is absolutely barren of the essential elements of a resulting trust : Kline's App., 39 Pa. 463 ; Crawford v. Thompson, 142 Pa. 551.

There is no presumption in favor of the wife's title; the husband's possession is presumed to be in his own right until the contrary be shown, and the wife's interest must be shown by clear and unequivocal evidence : Light v. Zeller, 144 Pa. 593.

OPINION BY MR. JUSTICE GREEN, May 28, 1896 :

We are clearly of opinion that the learned court below was in error in withdrawing this case from the jury. This was not done because there was an insufficiency of testimony to support the contention of the defendant, but because of an erroneous view of the law relating to resulting trusts. This appears in the following extract from the charge which is assigned for error in the eleventh assignment, viz : " The defendant has undertaken to show and probably has shown to your satisfaction, that $1,500 of said purchase money was furnished by her, and she contends that, by reason thereof, a resulting trust arose in her favor for an undivided three fourths in the premises described in the deed. This position we cannot sustain, for she has not shown that there was any fraud practiced by her husband in getting her money and using it to help pay for the property, or that there was accident, mistake, concealment or breach of good faith on the part of her husband, or any one else, in putting the title in her husband's name. The evidence in the case therefore would not justify a verdict in her favor for the premises in dispute or for any interest therein, and we direct you to render a verdict in favor of the plaintiff."

According to this view of the law a resulting trust in land cannot arise from the furnishing of the money by one person, and taking the title by another, unless there are also circumstances of fraud, accident, mistake, concealment or breach of good faith on the part of the person taking the title. We do not so understand the law and cannot assent to its announcement. The law upon this subject is too familiar to require an extended citation of authorities. The true doctrine is succinctly expressed by WOODWARD, J., in Edwards v. Edwards, 39 Pa. on page 377, thus : " The nominee in the title deeds becomes trustee for him who paid the money. The ownership of the money which purchased, draws to itself the beneficial or equitable interest in the estate. And such equitable title, though resting generally in parol proof, is expressly exempted from the statute of frauds and perjuries." In Nixon's Appeal, 63 Pa. 279, we said, " A trust which arises or results by implication or construction of law from payment of the purchase money of land, may unquestionably be established by parol evidence."

As all the circumstances that are peculiar to the present case

were present also in the case of Light v. Zeller, 144 Pa. 570, it will only be necessary to refer to the decision there made as conclusive of this. We there held that, if a husband having the money or property of his wife in his possession invests it in real estate, and without her consent thereto takes the title to himself, she has a resulting trust in the land which she can assert at any time she sees proper to enforce it, to the extent the property was paid for with her money. When land is bought by a husband at his wife's instance and with her knowledge and approval, and paid for with her money or property, it is the duty of the husband, without the wife's request, to have the conveyance made to her. Taking the title in his own name is a violation of duty, and a resulting trust will arise in her favor.

The various contentions arising in the present case are met and disposed of in Light v. Zeller, and further discussion of them here is not necessary. Of course the kind of testimony which is essential to the creation of a trust of this character is perfectly well understood in the profession, and has been frequently described in the decisions of this court. We have read over the testimony in this case and consider it amply sufficient to submit to the jury in support of the defendant's claim of title.

The assignments of error are all sustained.

Judgment reversed and venire de novo awarded.