# Carson, Appellant, v. Painter.

*Trust and trustee—Resulting trust—Equity—Bill to compel conveyance of real estate—Fraud—Marital rights of husband.*

Where a bill in equity is filed by executors and devisees under a will against the daughters of the testatrix, to compel a conveyance to the executors of real estate, which the testatrix twenty years prior to her death had purchased with her own money, but had placed the title in the defendant's name, without the latter's fraud, but in fraud of the marital rights of the husband of the testatrix, and it appears from the bill that although the testatrix had demanded a conveyance in her lifetime, such demand was unaccompanied by any act which could be recognized in law as being effective to preserve the rights, the bill will be dismissed on demurrer.

If a trust has no legal existence because it is not in writing, and an attempt is made to bring it into existence as being within the exception provided by the Act of April 22, 1856, P. L. 532, it must be such as is founded on fraud, or the payment of purchase-money at the inception of title.

In case of actual fraud arising under an express parol trust or a fraud implied by law by reason of a confidence reposed, or fraud implied through failure to convey the trust to the party who pays the purchase-money, the Act of April 22, 1856, P. L. 532, requires that the proceeding to contest a title held through such fraud, express or implied, must be set up within five years, or it must fail under the statute.

Argued Oct. 10, 1917. Appeal, No. 130, Oct. T., 1917, by plaintiff, from decree of C. P. No. 1, Philadelphia Co., Dec. T., 1916, No. 1078, dismissing bill in equity in case of Cora E. Carson et al., Devisees and heirs-at-law of Diann C. Bates, deceased, and Cora E. Carson et al., Executors under will of Diann C. Bates, deceased, v. William H. Painter and Leona E. Painter, his wife. Before ORLADY, P. J., HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Bill in equity for a conveyance of land.
The facts appear by the opinion of the Superior Court.

490, (1918).]    Assignment of Error—Arguments.

The court sustained the demurrer and dismissed the bill.

*Error assigned* was the decree of the court.

*Charles S. Wood,* for appellants.—Mrs. Painter took advantage of the confidence reposed in her, and of her superior knowledge and should be deemed a trustee ex maleficio, and the present case is not within the Act of 1856: Seichrist's App., 66 Pa. 237; Squire's App., 70 Pa. 266; Boynton v. Housler, 73 Pa. 453; Christy v. Sill, 95 Pa. 380; Davis v. King, 87 Pa. 261.

These complainants are not seeking to enforce an implied or resulting trust; they are demanding possession of the undivided three-fourths' interest in land to which they are entitled under their mother's will and from which the respondents wrongfully keep them: Tanney v. Tanney, 159 Pa. 277.

The court has frequently disregarded the five years' period fixed by the act and has afforded relief by setting aside writtten instruments attacked on various equitable grounds, e. g.: Darlington's App., 86 Pa. 512; Worrall's App., 110 Pa. 349; Bugbee's App., 110 Pa. 331; Meurer's App., 119 Pa. 115; Miskey's App., 107 Pa. 611; Tanney v. Tanney, 159 Pa. 277; Eberts v. Eberts, 55 Pa. 110.

Even had the testatrix for the sake of argument slept upon her rights, she would still not have been barred from relief by acquiescence, she having, under the authorities, twenty-one years from the time her trustee set up her adverse claim in which to begin proceedings. And the complainants standing now in her place have the same right. The statute only runs from the time final demand is made and the refusal to comply: Pipher v. Lodge, 4 S. & R. 309; Elmendorf v. Taylor, 10 Wheat. 171; Philippi v. Philippi, 115 U. S. 151; Hiester v. Maderia, 3 W. & S. 384.

*S. K. White,* with him *Charles M. Wistar* and *Howard*

W. Morris, for appellees.—If the court interprets the trust to be a resulting or implied trust, the complainants are barred under the Act of Assembly of April 22, 1856, Sec. 6, P. L. 532: Best v. Campbell, 62 Pa. 476; Davis v. Hawkins, 163 Pa. 228; Stout v. Young, 217 Pa. 427; Miller v. Baker, 160 Pa. 178; Miller v. Bealer, 100 Pa. 583; Freeman v. Lafferty, 207 Pa. 32; McKean and Elk Lamp Imp. Co. v. Clay, 149 Pa. 277; Barrett v. Bamber, 81 Pa. 247; Huffnagle v. Blackburn, 137 Pa. 633; Hollinshead App., 103 Pa. 158; Way v. Hooton, 156 Pa. 8.

OPINION BY KEPHART, J., April 22, 1918:

This is a bill in equity to enforce a resulting trust. It avers that Diann C. Bates, on the third of August, 1896, was induced by the respondent, Leona E. Painter, her daughter, to purchase from the Logan Real Estate Company a lot of ground, pay for it and place the title thereto in the respondent's name. It adjoined another owned by the respondent. At the time of the purchase, Mrs. Bates for a number of years lived separate and apart from her husband. The bill averred that she was advised and influenced by her daughter to place the title to the lot in her name so "that her father......should not learn of the purchase of the said lot by his wife ......and in order to safeguard against the possibility that he might at some time in the future lay some claim or assert some alleged rights thereto, especially in the event of her death prior to his." In 1898, and at other times since, mortgages were placed on the property by the daughter. On February 24, 1903, Mrs. Bates, desiring to resume absolute control of the property, made a demand upon her daughter to execute a deed and convey the lot of ground to her. The mother was then informed of the mortgages placed against the property by the daughter, and thereafter she made repeated demands on the respondent to convey to her the property. Mrs. Bates died on the sixth of November, 1916. By her will she devised this property to all her

children. The complainants, as executrices of the will, demanded a conveyance of the property to effectuate the terms of the will. Upon being refused, this proceeding was instituted. The bill prays that the deed to respondent "in so far as the same refers to and relates to the property belonging to the said Diann C. Bates, be decreed fraudulent, void, and of no effect, and that the respondents be decreed to execute a reconveyance of the real estate described therein to complainants." The respondent demurred to the bill, alleging, first, that a resulting trust appeared from the face of the bill and the complainants were not entitled to relief because of the sixth section of the Act of April 22, 1856, P. L. 532; second, the testatrix regarded the conveyance as an advancement to her daughter. The court below sustained the demurrer and dismissed the bill. No opinion was filed.

We will consider but one phase of the demurrer which is sufficient to sustain the action of the court below. The bill was not instituted to cancel or set aside the conveyance by reason of undue influence or confidence reposed of sufficient importance to create a constructive fraud; but as the appellants say: "They are demanding possession of the undivided three-fourths' interest in land to which they are entitled under their mother's will."

If the original purpose of the conveyance was to perpetrate a fraud on marital rights whereby the expectation of the husband of an interest in the property of his wife was to be defeated, and such wrongful acts are cognizable in law or equity, the complainants do not disavow those acts and disaffirm the conveyance, but they affirm it and seek under it what they consider to be their full share of the property. The mother agreed to the conveyance in the manner and for the purpose it was made. For many years, until her death, the title rested where she directed it to be placed. Her demand for a conveyance to her, unaccompanied by any act which could be recognized in law as being effective to preserve her rights, cannot alter the conclusion that the mother was satisfied

with the arrangement. There is not sufficient averment of necessary facts upon which to found a decree of cancellation. The bill contains mere general allegations with nothing specific upon which a chancellor could with any reasonable assurance of certainty grant relief.

The appellant argues that this is an express trust and is not affected by the statute. We have no doubt that an express trust may be created by parol, but when so created, it can only come within the exception mentioned in the Act of 1856, through fraud on the part of him who holds the title, or, in connection with the "payment of the purchase-money" by the cestui que trust at the time the title is acquired. The act specifically defines the evidence necessary to create and enforce a trust and the exceptions thereto. Section four provides: "All declarations or creations of trusts or confidences of any lands, tenements or hereditaments, etc., shall be manifested by writing, signed by the party holding the title thereof." "The plain meaning of this enactment is, that a trust in land can now be proved in no other way than by writing. The proviso, indeed, excepts from its operation resulting trusts, such as the law implies. A resulting trust, however, is raised only from fraud in obtaining the title, or from payment of the purchase-money when the title is acquired": Barnet v. Dougherty, 32 Pa. 371; Jourdan v. Andrews, 258 Pa. 347-353. The mere broken promise by a trustee in an express trust by parol cannot, without more, be held sufficient to create a trust within the exception of the act. If a trust has no legal existence because it is not in writing and an attempt is made to bring it into existence as being within the exception provided in the act, it must be such as is founded on fraud or the payment of purchase-money at the inception of title: McCloskey v. McCloskey, 205 Pa. 491. But there is no averment that Mrs. Painter took title under a distinct declaration or promise that she would hold it for the benefit of her mother, which declaration or promise she afterwards refused to carry out. The bill contains no aver-

ment sufficient in law to create an express trust by parol nor any allegation of fraud in relation to any such trust. She was not a trustee ex maleficio.

The bill, in its strongest light, avers a resulting trust arising from the payment of money. The mother naturally had confidence in her daughter. It was at her solicitation that the mother directed the title to be placed in the daughter's name. This was not done with the intention of cheating or defrauding her sisters out of their share of the property. Considering the mother's purpose was to keep the property from the father, these acts then were not fraudulent as they related to the other children. There is no averment that the daughter used any misrepresentation or artifice in having the title to the property placed in her name. So we may regard the respondent by implication of law as a trustee for the property, the title to which she took for and in behalf of her mother who had paid the purchase-price. "The nominee in the title deed becomes trustee for him who paid the money. The ownership of the money which purchased, draws to itself the beneficial or equitable interest in the estate. And such equitable title, though resting generally in parol proof, is expressly exempted from the statute of frauds and perjuries": Edwards v. Edwards, 39 Pa. 369-377; Lloyd v. Woods, 176 Pa. 63. The appellants are now brought squarely up to the sixth section of the Act of 1856, which provides in substance that all actions instituted to enforce an implied or resulting trust must be brought within five years from the time the trust was created. It is admitted that the testatrix knew all about her property and her daughter's attitude to it in 1903. If we were to concede that this is a case of actual fraud arising under an express parol trust, or of fraud implied by law by reason of a confidence reposed, or fraud implied through failure to convey the trust to the party who pays the purchase-money, the Act of 1856 requires that the proceeding to contest a title that is held through fraud must be set up within five years, or it must

fail under the statute: Way v. Hooton, 156 Pa. 8; Freeman v. Lafferty, 207 Pa. 32. Here there has been a delay of upwards of twenty years. No effort has been made to enforce the trust during all that time. The court was clearly right in sustaining the demurrer for the first reason assigned.

The decree of the court below is affirmed.