## Fox, Appellant, *v.* Peoples.

*Contract—Consideration—Agreement to purchase at assignee's sale.*

In an action to recover alleged profits on the sale of real estate, a nonsuit is properly entered where it appears that the plaintiff was an assignee for the benefit of creditors, and that the defendant was his attorney: that at the assignee's sale of real estate, the defendant purchased certain land, and paid for it with his own money, promising the plaintiff to convey it to him on being reimbursed the purchase price with interest, or if he sold it to another at an advance to give him the profits : that the defendant subsequently resold the land at an advance, taking a mortgage for the whole of the purchase money : that thereafter on default the purchaser reconveyed to defendant the premises ; that in the transaction defendant made no ac-

tual profit ; that the plaintiff was never able to raise the money to purchase the property himself, and that defendant was guilty of no fraud.

Argued Oct. 14, 1901. Appeal, No. 18, Oct. T., 1901, by plaintiff, from order of C. P. Westmoreland Co., Nov. T., 1899, No. 178, refusing to take off nonsuit in the case of William Fox v. John M. Peoples. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Assumpsit to recover alleged profits on the sale of real estate. Before McConnell, J.

At the trial it appeared that William Fox, plaintiff, and his brother, were assignees of their father, David Fox. On November 13, 1885, they sold under an order of court certain real estate of their assignor. The defendant who was the plaintiff's attorney bought the real estate for $7,437, and paid for it with his own money. At the time of the sale he promised plaintiff that he would convey the property to him on payment of the full amount of the purchase money with interest, or if he could sell to any other person for more than would make him whole, he would give the surplus to the plaintiff. Plaintiff was never able to raise the money to buy back the farm, and in 1894, defendant sold the land to William J. Copeland for $9,850, taking a mortgage for the entire purchase money. Plaintiff in the mean time had been in possession of the land as tenant. Copeland never paid anything on account of the mortgage, and in December, 1896, he reconveyed the farm to the defendant to save the expenses of a foreclosure of the mortgage. It did not appear that defendant made any profit out of the transaction, or was guilty of any fraudulent conduct towards the plaintiff.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*George S. Rumbaugh*, for appellant.

*John B. Head*, with him *D. S. Atkinson*, *W. C. Peoples* and *J. S. Moorhead*, for appellee.

Per Curiam, November 8, 1901 :
It seems to us that the learned judge of the court below did

not err in granting the nonsuit or in refusing to take it off. It plainly appears in his opinion that nothing was shown in the evidence which would have warranted a submission of the case to the jury. The appeal is therefore dismissed and the nonsuit affirmed.