# Southside Trust Co., Guardian, *v.* Litman.

*Equity—Findings of fact—Fraud—Appeals—Minor—Fraud and false representations—Moving picture theater.*

1. In reviewing the findings of a court below in equity proceedings, where the credibility of witnesses and weight to be given their testimony is involved, the appellate court will not substitute its judgment on the facts for the judgment of that court, but will give those findings the effect of a verdict of a jury, and not reverse where supported by the testimony, and no abuse of discretion appears.

2. This rule is properly applied where the court below finds as a fact that a boy eighteen years old was induced to buy a moving picture theater for a large sum of money by fraudulent and false representations as to the value and business of the theater.

Submitted October 18, 1923. Appeal, No. 172, Oct. T., 1923, by defendant, from decree of C. P. Allegheny Co., Oct. T., 1921, No. 762, on bill in equity, in case of South Side Trust Co. of Pittsburgh, Guardian of estate of Frank A. Domachowski, a minor, v. William Litman. Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Bill to set aside lease and contract. Before MACFARLANE, J.

The opinion of the Supreme Court states the facts. Decree for plaintiff. Defendant appealed.

*Error assigned* was, inter alia, decree, quoting record.

*L. C. Barton* and *Abraham Gratz,* for appellant.

*Lawrence B. Cook,* for appellee.

PER CURIAM; January 7, 1924:

Plaintiff, as guardian for Frank A. Domachowski, a minor, filed its bill to secure the cancelling and setting aside of a lease and a contract made by the minor for the purchase of a moving picture theater and the repayment, with interest, of the amount paid defendant by the minor. The court below found that in response to an advertisement in a daily newspaper Domachowski, a boy eighteen years of age, called upon defendant's agent who informed him, in substance, that the theater had a seating capacity of 450, contained a pipe organ costing $7,250, picture machines, electric fans, chairs and all equipment necessary for operating a moving picture theater and that the business returned between $150 and $250 "clear money" each week. The price named was $10,000; payable, $500 hand money, $6,500 on taking possession of the property and the balance in monthly installments of $300 each. Relying upon these representations the minor executed two agreements, one a bailment contract for the purchase of the moving picture theater equipment on the terms above set forth and the other a lease for the premises for the term of seven years at the monthly rental of $100. The court further found that the representations made by defendant's agent as to the cost of the organ and the amount of the receipts and profits of the theater were false, and directed that both contracts signed by the minor be cancelled and that defendant return to plaintiff, as guardian, the amounts paid, with interest, together with loss

sustained while operating the theater, in all aggregating $9,649.80. On plaintiff's appointment as guardian for Domachowski on May 7, 1921, it tendered to defendant the keys of the theater, assignment of the two contracts and demanded a return of the money paid by its ward, with interest, and also damages to the extent of the loss sustained by the minor while operating the theater. On refusal of defendant to accept the keys and return the money, the bill in this case was filed and from a decree in plaintiff's favor this appeal follows.

In determining the questions involved, we must keep in mind the rule "that, in reviewing the findings of the court below in equity proceedings, where the credibility of witnesses and weight to be given their testimony is involved, the appellate court will not substitute its judgment on the facts for the judgment of that court but will give those findings the effect of a verdict of a jury and not reverse where supported by the testimony and no abuse of discretion appears": Mead v. Sherwin et al., 275 Pa. 146, 150-1, and cases there cited. Here the testimony is somewhat voluminous, in all twenty-five witnesses were called and twenty-five exhibits offered in evidence. The value and credibility of this evidence was for the trial judge and if it warranted his conclusions, and there was no abuse of discretion, we must, under the rule above referred to, affirm his findings.

We have examined the evidence and find testimony which, although to a considerable extent contradicted, shows Domachowski was a young man without business experience and easily influenced, that he had saved some money from his earnings, that defendant's agent made representations to him as to the value of the theater's equipment and its earnings that were false and calculated to deceive and did actually deceive him and resulted in a financial loss to him and, further, that the agent arranged to accompany the young man to the theater at a time it contained an unusually large audience which was also calculated to mislead him. All of

which representations Domachowski believed and relied upon. There being testimony to this effect, its credibility and value was for the trial judge who heard the evidence and saw the witnesses. It satisfied him that the contracts ought not to be upheld and we are not convinced that his conclusion should be disturbed.

The decree is affirmed at appellant's costs.