Bucia, Appellant, v. Bucia et al.

Submitted March 18, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNIKGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*John N. Landberg,* for appellant.

*Charles H. Hassert,* for appellees.

OPINION BY BALDRIGE, J., May 4, 1932:

This proceeding in equity was brought to recover the withdrawal value of ten shares of stock taken out on February 12, 1923, in the defendant association, under an alleged trust agreement, in the name of "Maryanna Bucia, trustee for Wojciech (Albert) Bucia." The value of these shares on July 13, 1931, was $1,226, less a stock loan of $200 borrowed from the association on January 12, 1931.

Albert Bucia, the appellant, was born February 11, 1908, and lived with his mother and father until he was 20 years of age. He alleges that he went to work when he was 13; that he turned over to his mother his earnings amounting to from $15 to $25 per week, with the exception of from $2 to $6 a month, until he moved away from his parental home in March, 1928; that he continued to send his mother the monthly payments due the building and loan association until January, 1931; that in that month he desired to borrow $200 from the association and then learned that the stock had been transferred to his mother's name in November, 1928.

The court found that the stock had been taken out by the mother a short time prior to appellant's em-

ployment under an agreement that when he went to work he was to pay the dues; that the son paid the dues for the first three months and thereafter he only paid his mother $5 or $6 per week for board, lodging and washing, and retained the rest of his earnings; that she paid the dues with her own money; that after the appellant left his home in 1928, he ceased making any contributions; that the mother, not her son, borrowed $200 from the building and loan association on January 12, 1931, giving the stock as collateral security; that a check was made to her, individually, endorsed by her, and that she loaned him that amount at his request for business purposes; that she assigned the stock in her name as trustee to herself on November 12, 1928, with the knowledge, and in the presence, of her son, who was a witness to her execution of the transfer.

We concede that if the appellant had established the agreement alleged, it would be enforceable, as a minor may create a parol trust, and a married woman may be a trustee. Such a trust is voidable only, and subject to an election, when the minor reaches his majority; he may then either declare it void or confirm it. Ordinarily, when a voluntary trust is established and there is no evidence of coercion or fraud, it will be sustained, provided the terms imposed by the trust have been complied with; and it cannot be revoked without the consent of the beneficiary: Fishblate v. Fishblate, 238 Pa. 450.

The difficulty that confronts the appellant is that the learned chancellor found on competent and sufficient evidence that there was a failure of performance of the agreement on the part of the appellant to pay the dues as he agreed, and his findings of fact have the same effect as the verdict of a jury: Southside Trust Co., Guardian, v. Litman, 279 Pa. 124. The chancellor's conclusion is supported, not only by the testimony of Mrs. Bucia, but also of other witnesses.

True, the appellant denies that he was present at the transfer of the certificate in November, 1928, but representatives of the association testified that he was there and witnessed his mother's signature, which strongly tends to uphold the theory of acknowledgment on his part of his failure to fulfill the requirements of the trust agreement and his abandonment of all interest in the stock. It may be noted in this connection that there was no demand made, or claim of ownership asserted, until this action was instituted on July 20, 1931. If none of the dues but $30 was paid by the appellant, it would be manifestly unjust to order the stock delivered to him, especially in view of the fact that he received $200 from his mother when she obtained the loan. He is not entitled, in good morals or in law, to reap the benefits of a contract he breached. A minor, as well as an adult, should do equity if he seeks equity. It is essential to a resulting trust, arising from a consideration to be paid, that the person who claims the benefit thereof should show that the money or assets, which constitute the consideration, came from, or belonged to, him (39 Cyc. 127; Fox v. Peoples, 201 Pa. 9; Lancaster Trust Co. v. Long, 220 Pa. 499); this he failed to do.

Our attention has been called to the Act of April 27, 1927, P. L. 405, sec. 1, which provides that building and loan associations may issue stock to minors who are not less than 16 years of age, and pay "the withdrawal value of such stock, to such minor, whose receipt or acquittance shall be a valid and sufficient release and discharge for such stock, or any part thereof, to the corporation." The intent of the legislature seems to have been that a minor over 16 years has complete control over building and loan association stock. Independent of the other features in this case, the chancellor could have found the assignment of the certificate a transfer to his mother of all his interest

therein. From what has heretofore been said, it is unnecessary to determine whether this Act is applicable, for, without this legislation, we would coincide with the conclusion reached by the learned chancellor that the appellant's claim is without merit.

Decree of the court below is affirmed.