## Bryan, Appellant, v. Douds.

213       221
220       503

*Statute of frauds—Agreement relating to land—Parol agreement—Trust and trustees.*

A mere parol agreement to purchase lands at a sheriff's sale, and to resell them, and after deducting the purchase money and expenses from the proceeds to pay over the balance to the defendant in the execution, is within the statute of frauds, and cannot be enforced.

Argued Oct. 19, 1905.   Appeal, No. 102, Oct. T., 1905, by plaintiffs, from decree of O. C. Beaver Co., Sept. T., 1905, No. 3, dismissing bill in equity in case of Henry A. Bryan and Aaron Boone Bryan v. Oliver A. Douds et al.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Bill in equity for an account.

The bill alleged that the defendant entered into an agreement with the plaintiffs to purchase the lands of plaintiffs at sheriff's sale, and pay off certain judgments and mortgages against the same, and hold the said lands for the plaintiffs until the same could be sold, at which time he was to pay himself whatever moneys he had advanced for the purpose aforesaid, and to pay the balance to the plaintiffs.

The plaintiffs further alleged that the lands were sold by the defendant for $22,000; that this is very largely in excess of the amount advanced by him in the purchase of the judgments and mortgages against the same, and the costs incurred by sheriff's sale thereof, and that the mortgage of $10,000, payable July 1, 1905, with five per cent, from William J. Mellon and

others, is part of the purchase money of a part of the lands. The plaintiffs pray that a preliminary injunction be issued against Oliver A. Douds to restrain him from in any way assigning or transferring the said mortgage to any one else than the said plaintiffs, and restraining the defendants from paying the said mortgage or any sum becoming due thereon to Oliver A. Douds until this matter is finally adjusted and an accounting by Oliver A. Douds to plaintiffs for such sums of money as he has received from the sales of said real estate over and above his advancements and expenses therein, and that he be required to assign to plaintiffs so much of said mortgage as shall be found upon hearing is due under the terms of the agreement aforesaid.

To this bill the defendants demurred and alleged that the contract mentioned in the bill was void, for the reason that the bill does not show that the same was manifested by writing, and signed by the defendant, Oliver A. Douds ; and that the bill does not allege such facts as show a resulting trust in favor of the plaintiffs, for the reason that no fraud in obtaining the title is shown, or that the plaintiffs paid or furnished any part of the purchase money or the consideration of the lands, or any of them mentioned in the bill of complaint when the title thereto was acquired by the said Oliver A. Douds.

WILSON, P. J., after stating the facts:

The substance of plaintiff's bill is found in the fourth paragraph, in this language : " The said Oliver A. Douds undertook and agreed, being a cousin of your orators, to buy in said lands at a sheriff's sale which would be made thereof, and hold the said lands for your orators until the same could be sold, at which time he would pay to himself whatever moneys he had advanced for the purpose aforesaid, and to pay the balance to your orators." It is not alleged in the bill that the contract was reduced to writing and signed by Oliver A. Douds. The Supreme Court in interpreting the act of 1858, in Barnet v. Dougherty, 32 Pa. 371, said :

" The plain meaning of this enactment is, that a trust in land can now be proved in no other way than by writing. The proviso, indeed, excepts from its operation resulting trusts, such

as the law implies.   A resulting trust, however, is raised only from fraud in obtaining the title, or from payment of the purchase money when the title is acquired.   Payment of the purchase money, subsequently, is not sufficient to raise a legal implication of a trust as all the authorities show."

In Kellum v. Smith, 33 Pa. 158, the Supreme Court said: "When the purchaser at a sheriff's sale promises to hold for the debtor, and afterwards refuses to comply with his engagement the fraud, if any, is not at the sale, not in the promise, but in its subsequent breach.   That is too late.   It is abundantly settled, that equity will not decree such a purchaser to be a trustee, unless there is something more in the transaction than the mere violation of a parol agreement."

In unmistakable language in the case of Phillips v. Hull, 101 Pa. 567, the Supreme Court says: "The plaintiff owned and was interested in judgments against the defendant in error aggregating about $11,000.   The latter seeks to recover on a parol agreement made with the plaintiff in error by which he was to sell the land at sheriff's sale, buy it, and hold it until a private sale thereof could be made, and after the amount due to him was paid, the defendant in error was to have the residue.   The latter was to advance nothing, to pay nothing.   Without his assent the plaintiff could have sold.   The defendant made no agreement that he would afterwards purchase the land at any price.   If this were the whole case it is very clear the defendant in error could not recover.   As the purchase was made, and the money paid by the same person, a refusal to fulfill the agreement is no more than the violation of a parol agreement, and equity will not decree the purchaser to be a trustee."

In the case of Dollar Savings Bank v. Bennett, 76 Pa. 402, the Supreme Court also said: "It is essential to maintain this action that the promise or undertaking of the defendant should be founded upon a sufficient legal consideration—either some benefit to the promisor or some injury to the promisee.   Nothing is clearer in principle or better settled by authority than that a mere naked verbal agreement by a purchaser at a sheriff's sale, with his own money, that he will hold the premises in trust for the defendant—neither vests any equitable estate in the defendant under the statute which prohibits parol declara-

tions of trust—so that no claim to the money could exist to him
under the common count, nor does it give any ground for an
action, being a mere nudum pactum.   The mortgagees had a
legal right to proceed on their judgment-bond and to become
the purchasers at the sale,—if they were the highest and the
best bidders."

There is no allegation in this bill that there was any fraud
practised by the defendant at any time, except in withholding
the residue after payment of the amount advanced by him and
his expenses.   He being the owner of the judgment of Margaret
A. Holt, and also the Gaily mortgage, purchased the property
at sheriff's sale, the plaintiffs allege, under this agreement to
hold it for them ; and there being no fraud at the time the
purchase was made by the defendant of the properties in ques-
tion at sheriff's sale, his agreement to hold the same for them
until it was sold, and give them the residue, was clearly a
nudum pactum, and the plaintiffs have no ground of action.

In the case of McCloskey v. McCloskey, 205 Pa. 491, the
Supreme Court has further said : " Though the trust is set forth
as an express one, created by parol, the applicants seek to avoid
the act of 1856, on the ground that a trust has resulted to them
from the fraud of the appellees and is, therefore, within the
exception of the act.   But the only misconduct charged is that
the appellees now refuse to recognize the trust, and that, not-
withstanding their promise to be bound by it, they now declare
they will not regard it.   This is not enough to take the case
out of the plain words of the statute.   If no valid trust was
created in the first instance by William McCloskey, because he
did not declare it in writing, there are no trustees to be bound
by their promises, nor any cestuis que trustent to be protected.
The statutes of frauds would soon become a dead letter if the
mere broken promises of a trustee under a trust created by
parol, who had agreed to carry it out, should, without more,
be held sufficient to create a trust by implication within the
exception of the act.   It is only when a trustee refuses to per-
form or recognize a trust that courts are asked to declare its
existence as against him, and if a trust, which has no legal ex-
istence under the statute, can be brought into being as within
the exception simply because a trustee breaks his promise to
perform, no case will be without the exception.   The statute

of frauds would be worse than waste paper, if a breach of the promise created a trust in the promiser, which the contract itself was insufficient to raise.

And now, December 5, 1904, the demurrer is sustained and the bill dismissed at the costs of the plaintiffs.

*Error assigned* was the decree of the court.

*William A. McConnell*, for appellants.

*Robert Ritchie*, with him *R. S. Holt* and *David K. Cooper*, for appellees.

PER CURIAM, January 2, 1906 :
Decree affirmed on the opinion of the court below.