## Casciola, Appellant, *v.* Donatelli.

*Trust and trustees—Resulting trust—Husband and wife—Deed—Evidence—Declarations.*

Where a married woman executes a deed of land the title to which stood in her name, without her husband joining in the deed, and subsequently brings an action of ejectment against her own grantees to recover the land on the ground that no title had passed because of the nonjoinder of the husband in the deed, evidence is admissible on the part of the defendants, that both husband and wife had on a number of occasions before the date of the deed, declared that the property was in fact the property of the husband, and not of the wife, and that the husband at the time of the execution of the deed took and appropriated to his own use the purchase money without any objection on the part of his wife.

Where one purchases an estate with his own money and the deed is taken in the name of another, a trust of the land results by presumption, or implication of law, and without any agreement, to him who advances the money; and the consideration moving from the cestui que trust need not be money; a bond or mortgage may be given for the deed.

Argued March 12, 1907.    Appeal, No. 336, Jan. T., 1906, by plaintiff, from judgment of C. P. Northampton Co., Dec. T., 1903, No. 28, on verdict for defendants in case of Maria Donata Casciola and Filippo Casciola her husband, in right of said Maria Donata Casciola v. Donato Donatelli and Filippo Giacomo Donatelli.    Before FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ.    Affirmed.

Ejectment for a lot of land in the village of Roseto.    Before SCOTT, J.

At the trial when Leo Donatelli, a witness for the defend-
ants was on the stand, the following question was asked him :

" Q. Where did you see Filippo Casciola ?   A. In New York.
I don't remember if it was on the corner of Broome and Mul-
berry or Grand and Mulberry ; I don't recollect.   Q. What
was your talk with him, and who was present ? "

Mr. Stewart : Objected to as incompetent and irrelevant, as
no conversation with Philip Casciola can in any way affect the
title of his wife, Maria Casciola, in this case.

" Q. You talked with Filippo Casciola ?   Don't say what he
said, now ; did you talk with him at that time ?   A. Filippo
Casciola and his wife.   Q. Were they both there ?   A. Yes,
sir.   Q. They were both there during the entire time that you
talked with him.   A. Yes, sir.   Q. Now, what did you say
to him, and what did he say to you ? "

Mr. Stewart : We object to this conversation, on the ground
that she cannot be affected or estopped by any declarations that
were made by Filippo Casciola in her presence.   Also, the fur-
ther objection that the testimony is not directed in any way to
the time when Maria Casciola acquired title to this property
from Guito Sciovoni, but is more than a year after, and that
there is no testimony tending to show that the defendants, the
intending purchasers of the property, were creditors of either
Maria Casciola or her husband, Filippo Casciola, at the time
she took title from Guito Sciovoni, or that they knew her or
were in any way interested in the property itself.

The Court : The objection is overruled.   This testimony is
received for the purpose of tending to show, by declarations of
Filippo Casciola, in the presence of his wife, made without ob-
jection from her, or declarations of the wife herself at the time
to which the witness refers, that she was holding the title in
her name as trustee for her husband by virtue of the convey-
ance made in September, 1897, the special plea of the defend-
ants in this case alleging a resulting trust in her husband by
reason of that conveyance to her and the conveyance of the
title to these defendants subsequently.   Therefore, declarations
made subsequently to the time of that conveyance to Maria
Casciola, by her husband in her presence or by herself, which
have significance upon the question of the original intention
at the time of the conveyance to her, are competent evidence,

and, for that reason, I receive this evidence as having some bearing upon the question of her ownership of the property by virtue of that conveyance.

To which ruling plaintiff excepts, and bill sealed. [2]

" Q. Do you recollect meeting Mr. Parke Davis, my associate counsel in this case, in New York some time in 1905? A. I remember some time, but I can't say the date. Q. Do you know whether or not it was after this ejectment suit had been started? A. Well, yes, it was at the time they were talking about bringing this suit. Q. Or had started this suit— you don't know which? A. Or it was started, I don't know. Q. Well, you and Mr. Davis talked together, and in consequence of what he requested you to do, did you go to see Filippo Casciola or his wife? A. Yes, sir. Q. Which one of them did you see? A. Well, I went to the residence of Filippo Casciola, and I find his wife there. Q. He was not there. A. He was not there. Q. Now, did Mr. Davis ask you whether you could get another deed from her, or whether she would settle this suit? What did you say to her, and what did she say, about the ownership of this property?"

Mr. Stewart: Objected to as irrelevant and immaterial; she is not bound to give any deed, and not estopped by any declarations she may have made.

The Court: The objection is overruled, for the reasons I have already stated, and the evidence is received for that purpose, being the declarations of the wife alone.

To which ruling plaintiff excepts, and bill sealed. [3]

" A. I found his wife at home and I ask her, where was her husband. She told me he was up at the shop in Elm street. And I told her, I says, ' This is a nice way to deal;' I said : ' You know very well that your husband took the money and you both agreed in every way, in a friendly way ; now, what does your husband want to make this fuss about?' She says : ' I don't know nothing about ; you go and see him. The property belongs to him ; was in my name. I can't say nothing ; I don't know nothing about.' "

Filippo Donatelli was asked this question :

" A. Leo Donatelli took him over to Filippo Casciolo and his wife and give him the money. Q. How much money did you pay over?"

Mr. Stewart : Objected to as irrelevant and immaterial ; and, not connected with the transaction in which Mrs. Casciola received the deed, it cannot throw any light on that original transaction.

The Court: The objection is overruled, for the reasons that I have already given, as being some evidence tending to show that at the time of the original conveyance to Mrs. Casciola it was intended to be the property of the husband and held by her in trust for him.

To which ruling plaintiff excepts, and bill sealed. [4]

The court charged in part as follows :

[Now, getting your minds to realize the fact that we are concerned with determining what was the intention of the husband, Filippo Casciola, when he took this title from Dominico Del Grosso and his wife on September 3, and on September 6, had it transferred over to his wife through Vito Sciovoni, what was his intention at that time—that is the point to which all this testimony is naturally directed ; it is suggested to you as one of the first elements in the proof here that when Del Grosso made the deed to Filippo Casciola, he paid no money. The title had been originally in him, then the deed, after the sheriff's sale, was made by Dominico Del Grosso to Filippo Casciola on September 3, 1897, and the only consideration that was then expressed was for the mortgage of $550 ; that was Filippo Casciola's obligation, and it thus became his own debt, and that on the sixth, Filippo and his wife transferred the property to Vito Sciovoni, without the payment of any money ; no money was paid by Fillippo to Dominico Del Grosso ; no money was paid by Vito Sciovoni; and when Vito Sciovoni made the title to Maria Casciola, she paid no money. And this is a circumstance that is referred to by the defendants as showing that it was Filippo Casciola's property ; that he paid nothing for it, but gave the obligation which stood upon the property and transferred it thus indirectly to his wife without receiving any benefit or without paying any consideration. Whatever significance as an element of proof in the consideration of the question of the intention of Filippo Casciola to thus give his wife the title and yet hold the property in himself, either because he had to

leave this county or believed he had to leave this county on account of threatened prosecutions, or for any other cause, whatever significance that may have is for you in determining the question of intention.] [9]

Verdict and judgment for defendants.   Plaintiffs appealed.

*Errors assigned* among others were (1) refusal of binding instructions for plaintiffs; (2–4) rulings on evidence, quoting the bill of exceptions and (9) portion of charge, quoted above.

*E. J. Fox*, with him *G. F. P. Young* and *J. W. Fox*, for appellants.—No resulting trust was established in favor of the husband : Earnest's App., 106 Pa. 310 ; Bowen v. Haupt, 192 Pa. 406 ; Brickell v. Earley, 115 Pa. 473 ; Sackett v. Spencer, 65 Pa. 89 ; Burkhart v. Fire Ins. Co. of Somerset County, 11 Pa. Superior Ct. 280 ; Byers v. Ferner, 216 Pa. 233 ; Davis v. Davis, 216 Pa. 228 ; Kraft v. Smith, 117 Pa. 183 ; Hoover v. Hoover, 129 Pa. 201 ; Silliman v. Hass, 151 Pa. 52 ; Von Storch v. Von Storch, 196 Pa. 545.

It is necessary to consider what the position of the wife was, with reference to this property.   It was clearly a gift by the husband to the wife.   Unless there is some clear, explicit, unequivocal evidence to show that at the time of the transfer, the purchase money was paid by the wife, and that she agreed to hold the title for her husband, no power can now deprive her of her property.   She cannot be divested of her real estate by reason of her silence at the time of the negotiations, conducted by the agent of the plaintiffs and her husband : Glidden v. Strupler, 52 Pa. 400 ;.Quinn's Appeal, 86 Pa. 447 ; Buchanan v. Hazzard and Wife, 95 Pa. 240 ; Innis v. Templeton, 95 Pa. 262 ; Davison's Appeal, 95 Pa. 394 ; Stivers v. Tucker et al., 126 Pa. 74.

A married woman cannot be divested of her title by her own declarations : Rumfelt v. Clemens, 46 Pa. 455 ; Glidden v. Strupler, 52 Pa. 400.

*F. W. Edgar*, with him *Parke H. Davis*, for appellees.—It is not necessary that the consideration which moves from the cestui que trust should be money ; it may consist of anything of value : Bispham, Eq. sec. 81.

A bond may be given for the deed: 2 Washburn on Real Prop. (4th ed.) p. 477, and cases cited : 3 Pomeroy, Eq. (3d ed.), sec. 1037 ; Morey v. Herrick, 18 Pa. 123.

This presumption of gift is merely a presumption of fact which determines the burden of proof: Earnest's Appeal, 106 Pa. 310.

Admissions of fact by the holder of record title to establish a resulting trust are evidence permitted by the statute: Kimmel v. McRight, 2 Pa. 38 ; Fisler v. Stewart, 191 Pa. 323 ; McClenkan v. McMillan, 6 Pa. 366 ; Galbraith v. Galbraith, 190 Pa. 225 ; Smithsonian Institution v. Meech, 169 U. S. 398 (18 Sup. Ct. Repr. 396); Williard v. Williard, 56 Pa. 119 ; Blodgett v. Hildreth, 103 Mass. 484 ; Hiester v. Laird, 1 W. & S. 245.

OPINION BY MR. JUSTICE BROWN, June 25, 1907 :

The defendants below took title to the property in controversy from Maria Donata Casciola by deed dated September 17, 1898. At that time she was the wife of Filippo Casciola, but he did not join in the deed. If the property belonged to the wife nothing passed to the appellees by her defective deed, and the verdict ought to have been for her, but if she held the title as trustee for her husband, her deed conveyed his interest and the verdict was properly returned for the defendants. Upon the facts in the case, as gathered from the evidence submitted by the appellees, the learned trial judge could not have withheld from the jury the question of a resulting trust in the wife. The main contention of counsel for appellants is that the court should have affirmed their sixth point, asking that a verdict be directed for them because the evidence was insufficient to establish the alleged trust; and their criticism of the charge is not that it was not technically correct, but that it was made at all.

On September 3, 1897, Guitana Del Grosso and her husband, Dominco Del Grosso, conveyed this property to Filippo Casciola, the husband of the plaintiff below. The consideration named in the deed was $550, but no money was paid, the vendor taking a purchase money mortgage for $550. On September 6, 1897, Filippo Casciola and his wife conveyed the property to Vito Sciovoni in consideration of $550, which was

not paid by him, as he was but the intermediary to convey the property to Maria Donata Casciola, which he did by deed bearing the same date and naming the same consideration. On September 17, 1898, Maria Donata Casciola conveyed the premises to Donata Donatelli and Filippo Giacomo Donatelli, the appellees, in consideration of $1,000, $450 of which was cash, and the balance the assumption of the mortgage of $550. In October, 1903, more than five years afterwards, this suit was brought in the right of Maria Donata Casciola for the recovery of the premises, for the reason that the property was hers and the appellees had acquired nothing under the deed which she gave them.

The question submitted by the court to the jury was whether on September 6, 1897, when Filippo Casciola had the deed made to his wife, "it was made to her intending that she should hold the written paper only, but that he should retain possession of the property, and that she was the trustee." In submitting this question the jury were instructed that the burden was on the defendants to show by clear, precise and indubitable evidence that their contention that the title was given to her in trust was sustained. They were further instructed that unless it was the intention to create the trust at the time the deed was made, there could be no recovery, as a purpose subsequently formed would not be sufficient to create it, but they were also told that the declarations made at subsequent times by the husband and wife were evidence to show what the purpose was at the time the deed was made.

Where one purchases an estate with his own money and the deed is taken in the name of another, a trust of the land results by presumption or implication of law, and without any agreement, to him who advances the money : Dyer v. Dyer, 1 Lead. Cas. in Eq., *203 ; Bispham's Equity, 118–120 ; Lynch v. Cox, 23 Pa. 265 ; Edwards v. Edwards, 39 Pa. 369 ; Smithsonian Institution v. Meech, 169 U. S. 398 ; Galbraith v. Galbraith, 190 Pa. 225 ; and the consideration moving from the cestui que trust need not be money ; a bond or mortgage may be given for the deed: Bispham's Equity, sec. 81 ; 15 Am. & Eng. Ency. of Law (2d ed.), p. 1145 ; Morey v. Herrick, 18 Pa. 123. If the conveyance from Sciovoni had been to another than the wife of Filippo Casciola, an implied trust would have resulted

in his favor because his bond and mortgage had been given to Grosso for the payment of the purchase money. " This rule has its foundation in the natural presumption, in the absence of all rebutting circumstances, that he who supplies the purchase money intends the purchase to be for his own benefit, and not for another, and that the conveyance in the name of another is a matter of convenience and arrangement between the parties for collateral purposes, and this rule is indicated by the experience of mankind : " 1 Perry on Trusts, sec. 126. But as the conveyance was made to Casciola's wife, the presumption is that it was a gift to her by him. This, however, is but a presumption, and, though strong, is not conclusive and may be overcome, the burden resting upon those who seek to establish this trust to overcome it. If the presumption that the conveyance was a gift to the wife has been overcome, the contention of the appellees is that the title was in her as trustee.

Was the presumption of a gift overcome ? Leo Donatelli, called by the defendants, testified that when he made the bargain for the purchase of the property by the appellees he did so with the husband in the wife's presence, and that the husband said : " The house is on my wife's name, but it belongs to me. I made some kind of a fake deal and gave it to my wife, but really, the house is mine." She made no reply to this. Raphael Falconi's testimony was that she said to him : " The property was my husband's property, but the paper is in my name." Anna Sabatino stated that she said to her : " The property belonged to my husband, but the papers is in my name." And Dominco Sabatino testified that she said to him : " The property is on my husband and the paper is on me." All of these conversations took place before the Donatellis purchased the property, and having been against the interest of the wife were admissible to rebut the presumption of a gift to her and to establish the contention of the appellees that she held the title in trust for her husband. After the title was put in her name the husband took out an insurance policy on it and paid the premiums. Some time after the property was sold to the appellees he refused to pay the insurance assessment, saying that he had sold the property. When the purchase money was paid it was paid to him in the presence of his wife. From the $450 he took $60.00 or $75.00, and gave it to his mother-in-law,

saying, "this is the money I owe you," and put the rest in his pocket. This all took place in the presence of his wife, who said nothing. The foregoing testimony was believed by the jury. It overcame the presumption of a gift to the wife, and there was clear evidence of what the intention of herself and husband was at the time the conveyance was made to her.

In the charge the rights of the plaintiff were most carefully guarded, and under it there would have been a finding in her favor if what she and her husband testified to and what was said by their witnesses had been believed by the jury. Every position taken by the appellant was sustained in affirming the first five points submitted; the sixth only, refusing binding instructions in her favor, was refused.

The case was one of fact for the jury under proper instructions. The rulings on offers of evidence were proper and the charge on the legal aspect of the case is absolutely free from error.

The assignments are all overruled and the judgment is affirmed.