## Gassner, Appellant, v. Gassner.

*Husband and wife—Conveyance by husband to wife—Gift—Presumption — Trust and trustees — Secret trust — Reconveyance — Equity—Findings of fact—Evidence—Declarations.*

1. Where a husband purchases real estate in the name of his wife, the presumption of a gift to her exists, and not a presumption that she is to hold the property in trust for him.

2. The burden of overcoming the presumption of a gift is upon the husband.

3. The fact that the premises conveyed were in joint occupation of the husband and wife, has no significance against the wife's claim that the conveyance was a gift, inasmuch as the presumption is that the occupancy was in subordination to the record title.

4. Declarations made by a wife that property conveyed to her by her husband really belonged to her husband, and that she was willing to reconvey it to him, are insufficient to establish a trust, where such declarations were made subsequent to the conveyance.

5. A gratuitous gift of realty during marriage, made by a husband to a wife is not in law impliedly limited to the duration of the marriage.

6. On a bill in equity by a husband against his wife to compel a reconveyance to him of real estate which he had deeded to her, a finding that the title was placed in the wife's name to protect it against claims that might arise out of the husband's business, is not inconsistent with a finding that the conveyance was a gift to the wife.

7. There is no inconsistency between the two findings, because the only way in which the property could be protected against claims growing out of the husband's business, would be by an outright gift to the wife; the law will not presume a fraudulent device or secret trust.

8. A finding of fact by a chancellor that a conveyance by a husband to a wife was a gift, if supported by an answer and sufficient evidence, will not be reversed on appeal.

Argued March 25, 1924.    Appeal, No. 320, by plaintiff, from decree of C. P. No. 5, Phila. Co., Dec. T., 1921, No. 6326, dismissing bill in equity, in case of Charles H. Gassner v. Clara Emma Gassner.    Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.    Affirmed.

Bill for reconveyance of realty.    Before MARTIN, P. J. The opinion of the Supreme Court states the facts. Bill dismissed.    Plaintiff appealed.

*Error assigned* was, inter alia, decree, quoting it.

*Jacob Weinstein,* with him *Charles H. Hassert,* for appellant.—The Supreme Court will review a judgment where the judgment below is a deduction from facts and the result of reasoning on the same: Woodward v. Carson, 208 Pa. 144; Fuel City Manufacturing Co. v. Products Corporation, 268 Pa. 446; Com. Tr. Co. v. Seltzer, 227 Pa. 410; Foy's Election, 228 Pa. 14; Pfaff v. Bacon, 249 Pa. 297; State Counsel v. Kelly, 267 Pa. 53.

The facts found totally destroyed the implication of gift that arises exclusively by virtue of the matrimonial status of the parties: Casciola v. Donatelli, 218 Pa. 624; Moore v. Moore, 165 Pa. 464; Huntington Boro. v. Water Co., 255 Pa. 45.

It is an implied condition of every gift gratuitously made by a husband to his wife that it shall endure only so long as the parties remain married to each other: Kates's Est., 9 Pa. C. C. R. 569; Phila. v. Thiele, 31 Leg. Int. 172; Lansing v. Haynes, 95 Michigan 16; In re Battis, 143 Wis. 239; Murphy v. Ahlberg, 252 Pa. 267; Rabinowitz v. Rosen, 269 Pa. 482; New Jersey T. & G. Co. v. Parker, 85 N. J. Eq. 557.

The declarations of the person holding the legal title to an estate, that he is merely trustee for another who paid the purchase money are admissible against the holder and those claiming under him: Gibblehouse v. Strong,

3 R. 437; Pierce v. M'Keehan, 3 Pa. 136; Brown v. Bank, 3 Pa. 187; Dawson v. Coulter, 262 Pa. 566.

*Samuel J. Taylor*, for appellee.—The adjudicated facts did not overcome the presumption of gift of the locus in quo arising from the matrimonial status of the parties: Earnest's App., 106 Pa. 310; Cragin's Est., 274 Pa. 1; Bowser v. Bowser, 82 Pa. 57; Neureuter v. Scheller, 270 Pa. 80; Besterman v. Besterman, 263 Pa. 555.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, April 21, 1924:

Charles H. Gassner filed a bill in equity against his wife, Clara Emma Gassner, wherein he alleged that, in the year 1912, two certain pieces of real estate had been purchased with his money, but conveyed to defendant, adding this averment: "The title to both of the said parcels of real estate were taken in the name of Clara Emma Gassner with the distinct understanding between the said Clara Emma Gassner and Charles H. Gassner that the said Clara Emma Gassner would convey the said real estate to the said Charles H. Gassner on demand." The bill prayed "that a decree be entered...... directing the said Clara Emma Gassner to convey the above-described parcels of real estate to your orator."

Defendant answered that plaintiff had caused the properties to be transferred to her "as a gift," and "without agreement or understanding of any kind whatsoever that [she] was to convey [them] to him, or to any other person, on demand or otherwise."

After hearing on bill, answer and replication, a decree was entered dismissing the bill; plaintiff has appealed, claiming that, on the facts proved, the court below should have decreed defendant held the properties in trust for him.

It will be observed that plaintiff's averments are not inconsistent with the theory of a gift to his wife, and he does not allege in his bill either that defendant took title

to the properties in trust for him or that she so holds them; nor, in fact, does he pray that a trust be declared to exist. On the contrary, the averments are simply that title to the properties was taken by defendant "with the distinct understanding" between her and plaintiff that she would make a conveyance on demand; and the prayer is that such a conveyance be decreed. In short, neither the averments of the bill, its prayers, nor the answer, refer to a trust; but the chancellor, apparently by mutual consent of the parties, having considered the case as though an implied trust were alleged in the pleadings, we shall do likewise, at least to the extent suggested by the adjudication before us.

To begin with, the fact that the premises in question were jointly occupied by plaintiff and defendant has no particular significance against the latter, for, under such circumstances, the presumption is that the occupancy was in subordination to the record title: Jones v. Bland, 112 Pa. 176, 182. Next, plaintiff neither alleged nor endeavored to prove that the conveyance to defendant was procured by fraud; so a trust cannot be found on that ground, and even had he shown an "understanding," or agreement, that defendant was to convey the property to him on demand, her refusal so to do would not establish a trust,—such a refusal, at the most, would amount to nothing more than the breach of a parol contract: Turney v. McKown, 242 Pa. 565, 568-9.

Appellant's real position is as follows: It being admitted that his money alone was used in the purchase, he contends that this, under section 4 of the Act of April 22, 1856, P. L. 532, is sufficient basis on which to found an implied trust, and the court below should have adopted it as such. On the pleadings and testimony shown by the present record, we cannot sustain this contention. When a husband purchases property in the name of his wife, the presumption of a gift to her exists (Bowser v. Bowser, 82 Pa. 57, 59), and not a presumption that she is to hold the property in trust for him. Here, defend-

ant not only has the presumption in her favor, but she distinctly avers in her answer that such a gift was in fact made, and so testified at trial. Of course, this could have been overcome by unequivocal evidence showing there never had been a gift; then, since the purchase was made with plaintiff's money, it would follow that defendant, though his wife, held the properties in trust for him. The burden, however, of overcoming the presumption of a gift, strengthened by the responsive answer of defendant, is a heavy one (Earnest's App., 106 Pa. 310), which, unfortunately for plaintiff, the court below concluded he had not sustained. In other words, both the chancellor and the court in banc held that the evidence relied on by appellant was insufficient to show that "it was not the intention of plaintiff to make a gift" to defendant of the properties in controversy. After reading the evidence and considering the arguments of counsel, we are unconvinced that the trial tribunal erred in this controlling conclusion.

Appellant contends the chancellor, having found reliable witnesses testified to admissions by defendant that the properties in controversy belonged to plaintiff and she was willing to convey them to him, erred in refusing to conclude there was a trust instead of a gift. Regarding these so-called admissions, we need only say they were "subsequent declarations," made long after Mrs. Gassner had acquired title, and, in the absence of other proofs, would "come to nothing" as evidence to establish the alleged trust: Turney v. McKown, supra. Moreover, most of the declarations in question may justly be designated as loose and indefinite, and none of them was made at a time calculated to give it any binding force between the parties to this litigation. These circumstances render the proofs far too weak to sustain a claim of ownership to real estate, and the court below correctly so concluded.

Likewise, we see no merit in appellant's complaint of inconsistencies in the findings of fact by the chancellor.

If any repugnancy exists between them it is only of a minor nature, not sufficient to cause a reversal; on the whole they are consistent. At the request of plaintiff, the chancellor found that "the title to the tract in question was taken or caused to be taken in the name of defendant to avoid the same from being subjected to possible, and apprehended, future claims for damages that might arise......out of the conduct of complainant's business......and the negligence of his servants in the course thereof." This finding is not inconsistent with the finding, made at defendant's request, that "plaintiff purchased the property, put it in his wife's name and gave it to his wife as a gift." We say there is no inconsistency between the two findings, for the only way in which the purpose set forth in the finding for plaintiff could be accomplished would be through the medium of an outright gift to his wife; this is undoubtedly true, unless we are to assume that plaintiff intended to hide the properties away from possible future creditors by a secret trust, or fraudulent device, which, of course, the law will not assume.

After the present action was begun, defendant divorced plaintiff; we cannot adopt the latter's view that "a gratuitous gift of realty during marriage made by a husband to a wife is impliedly limited to the duration of the marriage,"—it may be expressly so limited, but there is no implication of law to that effect.

Casciola v. Donatelli, 218 Pa. 624, relied on by appellant, does not control this case. There, some years before the suit, one of the plaintiffs, wife of the other plaintiff, conveyed real estate, standing in her name, to the defendants. Immediately prior to this conveyance (made by the wife alone), the plaintiffs informed defendants that the property was held by Mrs. Casciola for her husband's account. More than five years after the conveyance, the Casciolas brought ejectment for the property, hoping to recover by disavowing the trust which, before the conveyance to defendants, the grantors

had acknowledged to exist. To have permitted recovery by plaintiffs in the face of the findings of fact against them would have been to encourage a palpable fraud on innocent third parties. We held the facts involved were "for the jury," and affirmed a judgment for defendants entered on a verdict in their favor. The case is of value as an authority because, and only because, it shows that the presumption of a gift of real estate to a wife may be overcome by evidence, and that a wife may hold such property, placed in her name, on an implied trust for her husband; both of which points are conceded by the present appellee. The two cases are, however, clearly distinguishable, as may be seen by what has already been said, a most material consideration being that the person to whom, and the circumstances under which, the admissions in the Casciola case were made, gave them both legal and probative significance entirely lacking so far as the declarations here relied on are concerned, none of the latter having been made at the time of the transfer of the property to which they related or to one about to become a vendee thereof, as were those in the cited case. Finally, it may be noted that in Casciola v. Donatelli, the verdict of the jury was accepted by us on appeal, as in the present instance are the ultimate findings of the chancellor. The other cases cited by appellant are so different on their facts from the one before us that they call for no discussion.

The decree is affirmed at costs of appellant.