Gravle et ux. *v.* Snyder et ux., Appellants.

Argued December 11, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and STADTFELD, JJ.

*F. J. Mervine* and with him *Eilenberger & Huffman,* for appellants.

*F. B. Holmes,* for appellee.

Opinion by Trexler, P. J., March 5, 1932:

The substance of plaintiffs' bill in equity is that they and the defendants in this suit are the owners of adjacent lots on the north side of Main Street in the Borough of Stroudsburg; that the defendants claim that they have a right of way across plaintiffs' lot; and that they, under this claim of right, have continued to go across it and have disturbed plaintiffs' possession by repeated acts of trespass.

It appears that on September 17, 1923, the plaintiffs bought their lot from the heirs of J. Franklin Green, paying $7,500 in cash for it, and brokerage charges of $800, but no deed for the premises was passed until October 11, 1923, when Gravle took it from the recorder of deed's office. It proved not to be a deed to him and his wife from the Green heirs, but there were two, one from the Greens to Jerome F. Dreher, and from him to the plaintiffs. Dreher had before this evinced a desire to purchase the property and the deed to him had been prepared, but he decided not to take it and had notified the Green heirs to this effect. At the time the Gravles paid for the lot, he had no interest whatever in the transaction, but was merely, for convenience sake, employed as the medium to pass title. Notwithstanding this, Dreher, on the same day that the Gravles paid for the property, unknown to either the

vendors or to the Gravles, the actual vendees, entered into an agreement with the Snyders, the owners of the adjoining lot, it reciting that there had been disputes between the Snyders and the Greens in regard to the right of way across the Green property and the parties agreeing to the construction of a thirty foot street over the Green property, the Snyders contributing five feet from their lot to the width of the street. This agreement, as stated, was made without the knowledge or consent of the Green heirs or of the Gravles and was recorded October 5, 1923. The learned chancellor found that it was fraudulent.

When Gravle paid the full and just consideration for his lot, Dreher merely figured in the transaction as the trustee for Gravle who had an equitable interest in the land: Casciola v. Donatelli, 218 Pa. 624; Quinn v. Gormley, 302 Pa. 360; Epstein v. Ratkosky, 283 Pa. 168. He had no power to enter into any agreement imposing an easement or right of way on the property or providing for a change of the character of a portion of it from exclusively personal use to that of the general use attached to a street.

Moreover, the agreement was premised upon the mistaken assumption, so set out in the writing, that Dreher was to become the purchaser of the property. At the time the agreement was made, he had no intention to purchase, had no agreement to purchase, had no deed for the premises, and had nothing to convey or about which he could bargain. The only reason that Dreher could give for his entering into the agreement was that he wanted to help his friend, the broker, to make the sale, and how the agreement could aid in this sale to the Gravles, who knew nothing about it, does not appear. The whole transaction in regard to the agreement has a doubtful appearance and the testimony submitted does not dispel the doubts by any means. The agreement was properly set aside and

abrogated by the court. Dreher had no right to make it. He was a trustee for the purchaser and exceeded his powers when he entered into it and furthermore, as stated, the agreement was made on the theory that Dreher was to become the actual purchaser of the property, and he never did.

The argument that plaintiffs' attorney was present when the agreement was made and participated in the transaction and that they are bound by the act of their agent, looses its force when we take the testimony of the attorney, Mr. Gearhart, who testified that at that time he represented Mr. Dreher, and although apparently also interested for the Gravles, his connection with them was merely to search the title which he did at the direction of Mr. Dreher, but at the expense of Gravle.

The argument is advanced that when the Gravles bought their property that there was a road located over the area in dispute; that it was visible and that the Gravles were charged with notice that they bought the property subject to that easement or right of way appurtenant to the neighboring property. This argument is not tenable, for the reason that the defendants admit that their prior use of the road was permissive. Snyder testified, "I wouldn't have the nerve, unless I had their [the Green heirs'] consent." The purchase of the property by Gravles with a visible way along the west line, did not enlarge what was a permissive user of the way to a user of right and having been permissive, the Gravles could abrogate it at any time after they had taken possession of the property.

The court was right in the conclusion that it reached that the agreement between Snyders and Dreher was void and, in contemplation of the law, fraudulent, and that the land which the plaintiffs acquired was not subject to any easement or servitude.

The decree is affirmed, the appellants to pay the costs.