## Rehm v. Rehm

*Ira J. Williams*, for Gustavus A. Rehm.
*Harry M. McCaughey*, for Anna E. Rehm.

LAMBERTON, J., March 4, 1938.—We have before us two equity proceedings between Gustavus A. Rehm and Anna E. Rehm, his divorced wife, and since each is plaintiff in one case and defendant in the other, to avoid confusion, we will refer to them throughout our adjudication as Mr. Rehm and Mrs. Rehm.

Mr. Rehm filed his bill of complaint in which he averred that the parties were married on September 7, 1899; that on or about March 10, 1921 (the correct date is April 28, 1922), the parties purchased premises 162 and 164 East Fourth Street, Williamsport, Pa., taking title in their joint names; that on or about April 26, 1927, the parties purchased premises 6658 Lincoln Drive, in the City of Philadelphia, also taking title in their joint names; that the funds of Mr. Rehm were used to purchase said properties; that the parties lived together as man and wife until January 1, 1934, when Mr. Rehm withdrew from the joint habitation; that Mrs. Rehm has been receiving all the rents of said properties and has refused to account therefor to Mr. Rehm.

The prayer of the bill is that: (1) Mrs. Rehm be required to make a full accounting of all receipts and expenditures in connection with said properties; (2) that this court appoint a trustee for said properties with authority to collect rents, pay the carrying charges, etc.

A responsive answer was filed by Mrs. Rehm in which she averred that title to said properties was taken in the joint names of the parties by inadvertence, accident, and

mistake, said properties being purchased entirely with the moneys of Mrs. Rehm, inherited by her from her father; that at the time of the purchase of said properties it was orally understood and agreed between the parties that said properties were to constitute part of the sole and separate estate of Mrs. Rehm; that said properties are, therefore, part of the sole and separate estate of Mrs. Rehm, and that Mr. Rehm has no right or interest therein; that Mr. Rehm left the habitation of the parties in the year 1933 and that, subsequently, Mrs. Rehm brought an action in divorce against Mr. Rehm, and on May 7, 1937, a final decree of absolute divorce was granted; that Mrs. Rehm occupies premises 6658 Lincoln Drive in the City of Philadelphia as her home, and derives a small amount of income therefrom by renting rooms, which income is insufficient to pay the carrying charges; that Mrs. Rehm has been receiving the rents from premises 162 and 164 East Fourth Street, Williamsport, Pa., but these rents have been insufficient to pay the necessary carrying charges and to repair damages caused by flood.

The matter came up for final hearing on October 1, 1937, at which time testimony was presented on behalf of both Mr. Rehm and Mrs. Rehm. Further testimony was presented on December 10, 1937. Meanwhile, on November 12, 1937, Mrs. Rehm filed her bill of complaint against Mr. Rehm in Court of Common Pleas No. 7, of Philadelphia County, December term, 1937, no. 144, in which she made substantially the same averments as were made in her answer to the bill of complaint filed by Mr. Rehm, and in which she asked that Mr. Rehm be declared to hold said premises as trustee for Mrs. Rehm, and be ordered to execute and deliver to Mrs. Rehm a deed for each of said premises. A responsive answer was filed by Mr. Rehm raising no new issues.

On January 19, 1938, counsel for the parties filed a stipulation reciting that the two proceedings involve the same facts and agreeing that they be consolidated as of

the above term and number, which was accordingly done. Further testimony was taken on January 26, 1938.

From the admissions in the pleadings and from the testimony offered, the court makes the following

## Findings of fact

1. The parties were married on December 7, 1899, and divorced on May 7, 1937.

2. The parties for many years made their home in Williamsport, Pa., and on April 28, 1922, purchased a residence in said city, to wit, premises 162 and 164 East Fourth Street, for the price of $12,000. The purpose of the parties in making this purchase was to provide a home for themselves, and they did occupy this property as a home for several years thereafter.

3. The entire purchase price of said property, to wit, $12,000, was paid by Mrs. Rehm from her separate estate, but title was taken in the joint names of Mr. and Mrs. Rehm. This was done with the full knowledge and consent of Mrs. Rehm.

4. Subsequently, the parties moved to Philadelphia, and in 1927 made an agreement to sell the Williamsport property, but the purchasers were unable to go through with the agreement and the property came back to the Rehms in 1933. Since 1933, Mrs. Rehm has been managing this property, receiving all income therefrom and paying all charges in connection therewith.

5. On April 28, 1927, the parties purchased premises 6658 Lincoln Drive in the City of Philadelphia, and occupied the same as their joint home until their separation on or about January 1, 1934.

6. The purchase price of the Lincoln Drive property was $21,500, of which Mrs. Rehm from her own funds made the down payment of $1,000. The balance of the purchase price, to wit, $20,500, was paid by the check of Mr. Rehm, he having borrowed $20,000 from the Industrial Trust Company for said purpose, giving his per-

sonal note therefor, secured by collateral of both Mr. and Mrs. Rehm.

7. Title to the Lincoln Drive property was taken in the joint names of the parties thereto with the full knowledge and consent of Mrs. Rehm.

8. The loan made to Mr. Rehm to furnish the purchase price for the Lincoln Drive property was repaid, in large part, at least, by Mrs. Rehm.

9. On or about January 1, 1934, Mr. Rehm left the home of the parties on Lincoln Drive and since that time Mrs. Rehm has been in sole possession of the same. She has used this property as her home and has secured a small income by renting rooms therein.

10. Since the separation of the parties, Mr. Rehm has contributed nothing toward the support of Mrs. Rehm, nor has he paid any taxes or other carrying charges upon either of said properties.

### Discussion

The testimony of Mrs. Rehm does not show that any fraud was practiced upon her or that any mistake was made in the deeds. She admits that title was taken in the joint names with her full knowledge and consent, and she says that the purchase of the properties in each case was in order to furnish a home for the parties. She asks us to declare the existence of a resulting trust from the sole fact that the purchase price was paid by her.

When the purchase price of real estate is paid by one and title is taken in the name of another, the question whether a resulting trust arises is determined by the intent of the parties: Light v. Zeller, 144 Pa. 582; Byers v. Ferner, 216 Pa. 233; Hiester v. Hiester, 228 Pa. 102; Epstein v. Ratkosky et al., 283 Pa. 168. Ordinarily there is a presumption that the parties intended a trust to arise, and this presumption stands unless overcome by positive testimony to the contrary: Light v. Zeller, supra; Casciola v. Donatelli, 218 Pa. 624; Hiester v. Hiester, supra; Epstein v. Ratkosky et al., supra. How-

ever, in certain relationships the presumption is the other way. If a husband pays the purchase price of real estate and title is taken in the name of the wife, or if a father pays the purchase price and title is taken in the name of a child, the presumption is that there has been a gift, and this presumption stands unless overcome by positive testimony that a trust was intended: Bowser v. Bowser, 82 Pa. 57; Mahjoubian v. Mahjoubian, 321 Pa. 354; Buckwalter Stove Co. v. Edmonds, 283 Pa. 236; Epstein v. Ratkosky et al., supra; Gassner v. Gassner, 280 Pa. 313; Neureuter et al. v. Scheller et al., 270 Pa. 80; Orr v. Orr, 22 Dist R. 887; Hiester v. Hiester; supra; Casciola v. Donatelli, supra; Earnest's Appeal, 106 Pa. 310. Which presumption exists in case the purchase price is paid by the wife and title is taken in the name of the husband is the subject of some doubt. Pennsylvania cases can be cited on either side but each of them can be explained on some other theory: Orr v. Orr, supra; Byers v. Ferner, supra; Cornman's Estate, 197 Pa. 125; Olinger v. Shultz et al., 183 Pa. 469; Beringer v. Lutz et al., 179 Pa. 1; Lloyd, etc., v. Woods, 176 Pa. 63; Crawford et al. v. Thompson et al., 142 Pa. 551; Dexter et ux. v. Billings, Admx., 110 Pa. 135. In this situation, we prefer to follow the A. L. I. Restatement of Trusts, §442, where it is said that there is no presumption that the wife intended a gift in such case. Therefore, if the purchase price had been paid by Mrs. Rehm and title had been taken in the sole name of Mr. Rehm, with no further evidence as to the intention of the parties, we would hold that Mr. Rehm held title as trustee for Mrs. Rehm.

The situation, however, is a little different where title is taken in the joint names of the husband and wife. In such case there is but one estate, and, in contemplation of law, it is held by but one person: Gasner v. Pierce et al., 286 Pa. 529. Each has an undivided interest in the whole, with the right of survivorship. We believe that this is exactly what Mrs. Rehm intended. The surrounding circumstances so indicate. She says that each prop-

erty was purchased as a home. She, therefore, contemplated that she and Mr. Rehm should live therein and should have full enjoyment thereof during their respective lives. In case of his death, it would all be hers. In case of her death, it would all be his. She did not at that time contemplate what would happen in case of divorce, and, there having been no agreement in regard thereto, this unfortunate ending of the marriage relation cannot affect the rights of the parties which became fixed many years ago: Gassner v. Gassner, supra; O'Malley v. O'Malley, 272 Pa. 528. A resulting trust must arise at the moment title is taken, or it cannot exist: Musselman v. Myers et al., 240 Pa. 5; Byers v. Ferner, supra; Bryan v. Douds, 213 Pa. 221; McCloskey v. McCloskey, 205 Pa. 491; Beringer v. Lutz et al., supra.

There is another reason fatal to the claim of Mrs. Rehm in regard to the Lincoln Drive property. In order that a trust shall result from the payment of the purchase money, the purchase money must be paid at the time title is taken. Subsequent payment will not give rise to a resulting trust: Watkins et al. v. Watkins et ux., 101 Pa. Superior Ct. 426; Musselman v. Myers et al., supra; Bryan v. Douds, supra; McCloskey v. McCloskey, supra; Cornman's Estate, supra; Light v. Zeller, supra; Salter et al. v. Bird et al., 103 Pa. 436; Barnet v. Dougherty, 32 Pa. 371. In the case of the Lincoln Drive property, $20,500 out of the purchase price of $21,500 was paid by Mr. Rehm, he securing the money by a loan from the bank on his own note. The fact that Mrs. Rehm subsequently repaid this loan, in whole or in part, cannot give rise to a resulting trust in her favor.

It is, therefore, our opinion that the parties hold title to both properties as tenants by entireties, and that there is no resulting trust in Mrs. Rehm's favor. Even after a divorce an estate by entireties retains the incidents which pertained to it at its inception: O'Malley v. O'Malley, supra. Each party is entitled to one half of the rents, and since Mrs. Rehm has collected all the rents

she must account therefor to Mr. Rehm: Gasner v. Pierce, supra; O'Malley v. O'Malley, supra. The law, however, presumes that during the continuance of the marriage relation the moneys received were expended for the benefit of both: O'Malley v. O'Malley. There is nothing in the record to rebut this presumption up to the time the parties separated on January 1, 1934. Therefore, no accounting will be decreed of rents received prior to that date. After the separation, Mrs. Rehm was entitled to support from her husband up to the date of the divorce, and she received none. Whether or not she is entitled to claim credit for a reasonable sum on this account can be determined after the accounting is filed. If expenditures exceeded receipts during said period, as the testimony of Mrs. Rehm would indicate, this question may be of no importance.

### Conclusions of law

1. Mr. Rehm and Mrs. Rehm hold title to premises 162 and 164 East Fourth Street, in the City of Williamsport, Pa., and to premises 6658 Lincoln Drive, in the City of Philadelphia, Pa., as tenants by entireties and there is no resulting trust in Mrs. Rehm's favor.

2. Mr. Rehm is entitled to one half of the net rentals collected by Mrs. Rehm from said properties since the separation of the parties on January 1, 1934, and Mrs. Rehm must account to Mr. Rehm for said net rentals.

3. The bill of complaint filed by Mrs. Rehm in Court of Common Pleas No. 7 of Philadelphia County, as of December term, 1937, no. 144, should be dismissed.

### Decree nisi

And now, to wit, March 4, 1938, upon consideration of the foregoing case, it is ordered, adjudged, and decreed as follows:

1. Anna E. Rehm shall, within 30 days from the date when this decree becomes final, file a true, full, and complete accounting of all receipts and expenditures in connection with premises 162 and 164 East Fourth Street,

in the City of Williamsport, Pa., and premises 6658 Lincoln Drive, in the City of Philadelphia, Pa., from January 1, 1934, to date.

2. The bill of complaint filed by Anna E. Rehm, against Gustavus A. Rehm, in Court of Common Pleas No. 7 of Philadelphia County, as of December term, 1937, no. 144, is dismissed.

3. The costs of these proceedings shall await the outcome of the accounting.

The prothonotary is directed to enter this decree nisi and to give notice thereof to the parties or their counsel of record.